**Velma B. CHEATHAM et vir, Appellants,**

v.

**COLUMBIA CASUALTY COMPANY,**
Appellee.

No. 14098.

Court of Civil Appeals of Texas.

Houston.

June 20, 1963.

Rehearing Denied July 11, 1963.

J. B. Sallas, Crockett, for appellants.

Ramey, Brelsford, Hull & Flock, Tyler; Donald Carroll, Tyler, of counsel, for appellee.

COLEMAN, Justice.

This suit arose out of a claim for workmen's compensation. The principal question involved is whether appellee's sworn denial was sufficiently definite to require proof of the usual jurisdictional facts, i. e., notice of injury, filing of claim, and final award of the Board.

The petition on which appellant went to trial alleged that she had suffered a compensable injury when in the course of her work she unexpectedly inhaled large quantities of formaldehyde mist, nylon dust and other chemical substances. In the alternative she alleged that she was constantly exposed to the inhalation of formaldehyde, nylon dust and other chemical substances emanating from the material used by her in connection with her employment by reason of which she was suffering with a form of dermatitis, an occupational disease.

Appellee filed an answer, only three paragraphs of which were verified. These paragraphs read as follows:

"2.

"Defendant would further say that neither this Defendant nor its insured 'was given or had notice that Velma B. Cheatham was claiming to have received an accidental personal injury within the course and scope of her employment, within thirty days from the date of the occurrence thereof.

"3.

"Plaintiff did not file a claim for workmen's compensation benefits be-

fore the Industrial Accident Board of the State of Texas within six months of the date of the receipt of such injury, and therefore this Court is without jurisdiction.

"4.

"This Court is without jurisdiction, because the Industrial Accident Board has not rendered a final award upon the personal injury allegedly received by Plaintiff, and that consequently no notice of appeal was filed and suit was not timely instituted."

Paragraphs 5, 6, 7 and 8 of the Answer read as follows:

"5.

"Defendant would further say that, insofar as Plaintiffs' claim for an occupational disease is concerned, the same does not exist in an acute stage, and did exist in an acute stage, if at all for only a short period of time.

"6.

"If Plaintiff sustained any disability, Defendant would show that any disability has not been and will not be total, but partial only, and has not been and will not be permanent, but temporary only.

"7.

"If Plaintiff sustained any disability, Defendant would show that any such disability she has had or may have in the future was not and will not be due to said facts as plead by Plaintiffs, but was and will be due, in whole or in part, to a prior or a subsequent injury or injuries, congenital defects, natural causes, or disease, or any combination of two or more of said things.

"8.

"If Plaintiff sustained any partial incapacity, or if she will sustain any partial incapacity in the future, the same has decreased or will decrease in percentage and Plaintiff will have a corresponding increase in her earning capacity."

Before introducing testimony appellants' attorney announced in open court that appellant abandoned her claim that she was suffering from "an accidental type injury" and that she would rely solely on her claim that she was suffering from "an occupational type injury or disease."

No evidence was introduced to show that appellant had filed a claim for compensation with the Industrial Accident Board or that the Board had rendered a final award, although the petition on which appellant went to trial contained the usual jurisdictional allegations.

It is appellant's contention that no proof of these facts was required by reason of Article 8307b, Vernon's Ann.Tex.St., because the sworn denial filed by appellee referred only to the allegations of accidental injury and did not refer to the cause of action based on occupational disease.

Appellant's failure to prove jurisdiction was called to the attention of appellant and the trial court by appellee's motion for instructed verdict presented at the conclusion of appellant's testimony, and again at the conclusion of all testimony. Appellee also objected to the charge of the court because of its failure to include issues on timely filing of a claim for compensation. After the verdict of the jury was received the trial court granted appellee's motion for a judgment non obstante veredicto.

Paragraph 4 of appellee's answer constitutes a sworn denial that the Industrial Accident Board had rendered a final award "upon the personal injury allegedly received by Plaintiff." There is nothing in the wording of that paragraph to indicate that the scope of the denial was confined to the allegations of appellant's petition relating to the accidental inhalation of unusually large amounts of formaldehyde fumes and nylon dust.

Appellant contends that paragraphs 5, 6, 7 and 8 of appellee's answer clearly indicate that appellee intended to and did treat appellant's claim for occupational disease in a separate and distinct category from the accidental injury. While paragraph 5, and possibly paragraph 8, were probably inserted in the answer with reference only to the cause of action for occupational disease, it seems probable that paragraphs 6 and 7 were inserted with reference to both causes of action asserted by appellant. After a consideration of the entire answer, we cannot say that paragraph 4 merely denied that the Board had made a final award on appellant's claim for compensation by reason of an injury suffered from the inhalation of excessive quantities of dust and fumes, and did not constitute a denial that the Board had made a final award on her claim for compensation based on occupational disease.

This position is further strengthened by the fact that Article 8306, Sec. 20, V.A.T.S., provides:

"Wherever the terms 'injury' or 'personal injury' are used in the Workmen's Compensation Law of this state, such terms shall be construed to mean damage or harm to the physical structure of the body and such diseases or infection as naturally result therefrom. Unless from the context the meaning is clearly to the contrary, such terms shall also be construed to mean and include occupational diseases, as hereinafter defined. The following diseases only shall be deemed to be occupational diseases: * * *."

 A laywer, in pleading a case arising under the Workmen's Compensation Act, may assume that words used in his pleading, which are defined in the Act, will be given the statutory definition unless it can be determined that such meaning was not intended. In paragraph 4 of appellee's answer it cannot be determined from the context in which the words "personal injury" are used that appellee clearly did *not* intend that injury caused by occupational disease be excluded.

Rule 93(n) (3) and (7) Texas Rules Civ.Proc., requires, in a case where a plaintiff's allegation that the Board has made a final award is denied under oath that such an award be proved. Since in this case appellant introduced no evidence that the Board had rendered a final award, the trial court did not err in entering a judgment for appellee.

The judgment of the trial court is affirmed.