**R. L. FOREE et al., Appellants,**

v.

**CROWN CENTRAL PETROLEUM COR-PORATION et al., Appellees.**

**No. 4619.**

Court of Civil Appeals of Texas.

Waco.

July 6, 1967.

Rehearing Denied July 27, 1967.

Billy E. Lee, Houston, John Davenport, James N. Ludlum and James Ludlum, Jr., Austin, H. Clayton May, Dallas, for appellants.

Vinson, Elkins, Weems & Searls, Raybourne Thompson, W. H. Drushel, Jr., Houston, Cable & McDaniel, John S. McDaniel, Baltimore, Md., for appellees.

## OPINION

WILSON, Justice.

Summary take-nothing judgment was rendered against appellants, who summarize the allegations in their suit for damages against appellees as follows:

(1) Between October 15, 1959 and November 1, 1964, appellee Crown Central Pipe Line Company owned pipeline facilities and the Teague Receiving Station in the Sojourner Sand Unit Field immediately adjacent to the Haskell County Regular Field where appellants' production was located. (2) Appellee Crown Central Petroleum Corporation was a purchaser of crude oil and a producer of crude oil in both of these fields. (3) Appellee Crown Central Pipe Line Company is a common carrier and appellee Crown Central Petroleum Corporation is a common purchaser as those terms are defined in Title 102, Vernon's Ann.Civ.St. (4) Appellees discriminated in favor of their own production and against that of appellants by purchasing their own crude oil at the lease tank batteries while purchasing appellants' crude oil at the Teague Receiving Station, the effect of which was to require appellants to transport their oil by truck from their lease tanks to the Teague Station at appellants' expense. (5) Appellees connected their wells in the Sojourner Sand Unit Field by pipeline to the Teague Receiving Station but refused to so connect the wells of appellants, even when ordered to do so by the Railroad Commission of Texas. (6) Appellants' damages are 11 cents per barrel which they allege was the cost to them for truck transportation of their oil production to the Teague Receiving Station, which costs would not have been required if the appellee Crown Companies had treated the appellants' oil production in the same manner as appellees treated their own oil production. (7) The Railroad Commission of Texas ordered appellees to connect appellants' lease tank batteries by pipeline in a unanimous order issued on February 21, 1962, but appellees did not comply with such order. Appellants secured compliance with such order on November 1, 1964. (8) The discrimination above alleged is in violation of the statutes contained in Title 102, V.C.S., particularly Articles 6045, 6048, and Section 8 of Article 6049a thereof.

Appellees contend the summary judgment was proper because the Railroad Commission of Texas has exclusive original jurisdiction of appellants' complaints, and there is no existing Railroad Commission order finding discrimination on which appellants may base their suit.

Art. 6049a, Vernon's Ann.Civ.Stat., the "Common Purchaser Act," empowers the Railroad Commission to establish and enforce rules governing the character of facilities to be furnished by operators of public crude petroleum storage facilities in connection with pipelines, and governing gathering and transportation of petroleum; to require common carriers to extend or enlarge their pipelines if it is found to be reasonable and required under prescribed conditions; and to prevent discrimination in purchases. Provision is made for notices and hearing. For violation of regulations and orders a monetary penalty is provided, one-half of which may be recovered for the use of any person unlawfully discriminated against. Sec. 11c of the statute provides that "a cause of

action for damages" in case of discrimination "shall lie against said common purchaser" in any court of competent jurisdiction.

Appellees concede that only a court has jurisdiction of an action for damages, such as appellants' present suit; but their position is that there must first be a final determination by the Railroad Commission that unlawful discrimination actually exists, and the action must be based on a Commission order. We agree, and affirm.

In 1958, after hearings, the Railroad Commission denied a request for a general order requiring all common carrier pipelines to connect to all producers when requested unless the carrier showed cause for not connecting. This order recited the request was not in keeping with Commission policy of "holding special hearings on individual problems". The order also authorized the filing of a complaint with the Commission where the carrier refused a request to connect. It provided the complaining producer "may allege discrimination," and expressed factors to be considered at Commission hearings.

In 1961 the predecessor in interest of some of appellants filed a complaint before the Commission requesting a hearing, under the order, to investigate appellees' refusal to give a pipeline connection to tank batteries on leases operated by complainants. After an extensive hearing the Commission issued its February, 1962 order determining that "a reasonable extension of the pipeline transportation system and connections to" complainants' tank bat-.

teries as prayed for in the complaint were reasonably necessary to prevent discrimination; that the extension was reasonable, and required in the public interest; and that the expense involved would not impair the carrier's ability to perform its duty to the public.

Appellees then filed suit in the District Court of Travis County attacking the latter order as being arbitrary and unreasonable. Other litigation intervened[1]; and on August 21, 1964 while the suit was pending, the Railroad Commission, by special order which recited the purposes of the February order had been accomplished by the proposal of another pipeline company, formally withdrew its February, 1962 order. Appellees' Travis County suit attacking the latter order was then dismissed.

Sec. 11c of Art. 6049a authorizes an action for damages when any person "is discriminated against" by crude petroleum purchasers affiliated with a common carrier by pipeline. Determination of discrimination is a prerequisite to what appellants concede is a cause of action based on that statute. Only the Railroad Commission has jurisdiction in the first instance to make that determination. State v. Crown Central Petroleum Corporation, Tex.Civ.App., 369 S.W.2d 458, 463, writ ref., n. r. e.; Deep South Oil Co. of Texas v. Texas Gas Corp., Tex.Civ.App., 328 S.W.2d 897, 908, writ ref., n. r. e. It has not done so by any final order. The summary judgment was proper.

It is not necessary to pass on the other questions presented.

Affirmed.

---

1. See Duffy v. Crown Central Petroleum Corporation, Tex.Civ.App., 366 S.W.2d 956; State v. Crown Central Petroleum Corp., Tex.Civ.App., 369 S.W.2d 457, 458.