## W. M. AGEY v. AMERICAN LIBERTY PIPE LINE COMPANY.

No. 8092. Decided July 14, 1943.
(172 S. W., 2d Series, 972.)

*John W. Stayton,* of Austin, for petitioner.

The Court of Civil Appeals erred in ordering the entire suit abated upon the ground that the statute gives an aggrieved party no right of action, of any kind, in a suit for penalties. But the statute does authorize an aggrieved party to bring an action for penalties on his own behalf, for one-half the penalties provided for in section 11 of Article 6049a, R. S. Gables v. Patterson, 233 Ala. 602, 173 So. 4; Gibson v. Gibson, 205 Iowa 1285, 217 N. W. 852; Rosendale v. Market Square Dry Goods Co., 213 S. W. 169, 171.

*Verne H. Maxwell,* of Dallas, *D. D. Mahon,* of Lubbock, and *Dan Moody* of Austin, for respondents.

Under Article 6049a, section 11, a cause of action is indivisible and must be instituted by the State though its proper officials and an individual's rights are limited to sharing in the recovery, if any. State v. International & G. N. Ry. Co., 107 Texas 349, 179 S. W. 867.

MR. JUSTICE SHARP delivered the opinion of the Court.

This suit was filed by W. M. Agey, on his own behalf and on behalf of the State, against the American Liberty Pipe Line Company, to recover penalties described in Section 11 of Article 6049a, Revised Civil Statutes. He alleged that the American Liberty Pipe Line Company was a common purchaser of crude oil under Section 8 of said Article, and that said company discriminated against him by refusing to purchase oil produced by him in the East Texas Oil Field. The Attorney General refused to join him in this suit. The American Liberty Pipe Line Company filed a plea in abatement, on the ground that Agey could not lawfully institute and prosecute the suit on behalf of the State. The plea was overruled, and upon trial to a jury, upon special issues, judgment was rendered against the American Liberty Pipe Line Company in favor of Agey "on his own behalf and on behalf of the State of Texas," (one-half on behalf of

each), for $5,800.00, being the minimum penalty of $100.00 per day for fifty-eight days. An appeal was taken by the American Liberty Pipe Line Company to the Court of Civil Appeals, and that court reversed the judgment of the trial court and remanded said cause with instructions. 167 S. W. (2d) 580. A writ of error was granted.

Respondent contends, among other things, that petitioner could not lawfully institute and prosecute this suit for penalties under Section 11 of Article 6049a without the joinder of the Attorney General or some county attorney or district attorney authorized by law to do so, and that Section 11 of Article 6049a creates a single indivisible cause of action, which must be prosecuted in a single suit, instituted by the State through its proper officials, and that Agey's rights are limited to sharing in the recovery.

Petitioner based his suit for recovery on Section 11 of Article 6049a, Revised Civil Statutes. Such section reads as follows:
"Sec. 11. For the violation of any provision of this Act, or for the violation of any valid rule or regulation promulgated hereunder or any order passed by the Railroad Commission in pursuance of any such provision, rule or regulation, such person, association of persons, or corporation shall be subject to a penalty of not less than One Hunded Dollars ($100.00) nor more than One Thousand Dollars ($1000.00) for each offense recoverabe in the name of the State in any District Court in Travis County, Texas, and each day of such violation shall constitute a separate offense. One half of such penalty may be recovered by and for the use of any person, association of persons or corporation against whom there shall have been an unlawful discrimination as herein defined, such suit to be brought in the name of and for the use of the party or parties aggrieved."

Petitioner did not suit for damages under this section, but undertook to maintain this suit on his own behalf and on behalf of the State of Texas, although the Attorney General had refused to join him in the suit.

The controlling question presented here is whether under the terms of Section 11, quoted above, a private individual, without being joined by the Attorney General, or some county or district attorney authorized by law to do so, could maintain his cause of action against a pipe line company for the penalties described in said Section 11.

It will be noted that for a violation of any provision of the Act a person or corporation "shall be subject to a penalty of not less than One Hundred Dollars ($100.00) nor more than One Thousand Dollars $1000.00) for *each offense recoverable in the name of the State in any District Court in Travis County, Texas, and each day of such violation shall constitute a separate offense.*" (Italics ours.) It also provides that, "One half of such penalty may be recovered by and for the use of any person, association of persons or corporation against whom there shall have been an unlawful discrimination as herein defined, such suit to be brought in the name of and for the use of the party or parties aggrieved."

■ The Attorney General is the chief law officer of the State, and it is incumbent upon him to institute in the proper courts proceedings to enforce or protect any right of the public that is violated. Section 22 of Article 4 of the State Constitution; 5 Tex. Jur., p. 373, sec. 5. He has the right to investigate the facts and exercise his judgment and discretion regarding the filing of a suit. 5 Tex. Jur., p. 380, sec. 8.

The pertinent portion of Section 21 of Article 5 of the State Constitution reads:

"The county attorneys shall represent the State in all cases in the District and inferior courts in their respective counties; but if any county shall be included in a district in which there shall be a district attorney, the respective duties of district attorneys and county attorneys shall in such counties be regulated by the Legislature."

■ In view of our construction of Section 11 of Article 6049a, it is not necessary for this Court to here decide whether the Legislature was prohibited by the Constitution from permitting such suit to be filed without joinder of the Attorney General, or some county or district attorney, and we express no opinion upon that question. The law specifically provides that those who violate same *"shall be subject to a penalty," and the amount recoverable shall be recoverable in the name of the State.* This being a penaty statute, it must be construed according to the rule governing the construction of penalty statutes. It is well established in this State that a statute which imposes a penalty must be strictly construed, and that a person who seeks to recover a penalty thereunder must bring himself clearly within the terms of the statute. State v. Duke, 104 Texas 355, 137 S. W. 654, rehearing denied 138 S. W. 385; Forshey v. Galveston, H.

& H. R. Co., 16 Texas 516 Schloss v. Atchison, T. & S. F. R. Co., 85 Texas 601, 22 S. W. 1014; Sabine & E. T. R. Co. v. Cruse, 83 Texas 460, 18 S. W. 755; State v. I. & G. N. R. Co., 107 Texas 349, 179 S. W. 867; 39 Tex. Jur., p. 276, sec. 146.

■ We think the Legislature intended to permit a person whose rights have been violated to recover one-half of the penalty in a suit brought on behalf of the State and the party or parties aggrieved, but we do not think the Legislature intended for such person to institute and prosecute such a suit in the name of the State without the joinder of the Attorney General or some district or county attorney. State v. Paris R. Co., 55 Texas 76; State v. Moore, 57 Texas 307; State v. International & G. N. R. Co., 89 Texas 562, 35 S. W. 1067; Maud v. Terrell, 109 Texas 97, 200 S. W. 375; Staples v. State, 112 Texas 61, 245 S. W. 639; Allen v. Fisher, 118 Texas 38, 9 S. W. (2d) 731; State v. Cohrt of Civil Appeals, 123 Texas 549, 75 S. W. (2d) 253. If the Legislature had intended by this Act to authorize an individual to file a suit on behalf of himself and on behalf of the State, without the joinder of the Attorney General or some district or county attorney, it could have expressed such intention in clear language. This it did not do. However, as to whether the Legislature has the power to do this under the Constitution is a question we do not decide here.

Petitioner contends that the Court of Civil Appeals opinion conflicts with the cases of Van Camp v. Gulf Production Co., 122 Texas 383, 61 S. W. (2d) 773, and Maud v. Terrell, 109 Texas 97, 200 S. W. 375. Those cases involved the construction of different statutes, and we think the opinions, when analyzed in the light of the statutes construed therein, show a clear distinction from this case. The Court of Civil Appeals in its opinion has analyzed the facts pertinent to those cases, and we shall not repeat them here.

We conclude that the Court of Civil Appeals correctly held that "the statute clearly creates a single, indivisible cause of action, which must be prosecuted in a single suit, instituted by the State through its proper officials, and that Agey's rights are limited to sharing in the recovery." Furthermore, while it is true that the statute provides for a recovery of one-half the penalty for the aggrieved party or parties, and one-half for the State, the penalty provided is unliquidated, ranging in amount from $100.00 to $1,000.00 for each offense. The whole amount cannot be determined absent the State as a party to the suit, and there is no way for a court to assess one-half the

amount of such penalty for a given offense until the whole amount is first determined.

The judgment of the Court of Civil Appeals is affirmed.

Opinion delivered July 14, 1943.