Merle Hart DUFFY, B. Pete Jackson and
R. L. Foree, Appellants,

v.

CROWN CENTRAL PETROLEUM CORPO-
RATION et al., Appellees.

No. 11069.

Court of Civil Appeals of Texas.

Austin.

April 17, 1963.

James N. Ludlum, John Davenport, Aus-
tin, for appellants.

Vinson, Elkins, Weems & Searls, Ray-
bourne Thompson, W. H. Drushel, Jr.,
Houston; Clark, Thomas, Harris, Denius
& Winters, James H. Keahey, Austin;
Cable & McDaniel, Baltimore, Md., of
counsel, for appellees.

PHILLIPS, Justice.

This is an appeal from an order granting
a plea of privilege of the appellees Crown
Central Petroleum Corporation et al., in a
suit brought by appellants Merle Hart
Duffy, et al.

In July, 1962, the Attorney General of
Texas brought suit under Section 11e of
Article 6049a, Vernon's Ann.Civ.St., to com-
pel appellees to comply with an order of
the Railroad Commission of Texas which
required appellees to connect, by pipeline,
the tank batteries of B. A. Duffy in the
Haskell County Regular Field, Haskell

County, Texas. Section 11e of Article 6049a reads as follows:

"The Railroad Commission shall, upon information that discrimination is practiced in its purchases by any common purchaser, request the Attorney General to bring a mandatory injunction suit against said common purchaser to compel such reasonable extensions as are necessary to prevent discrimination."

On September 21, 1962, appellants intervened in the State's suit and asked not only for a mandatory injunction under Section 11e of Article 6049a, but also for one-half of the penalties provided for in Section 11 of Article 6049a (not less than $100 or more than $1000 for each day the discrimination existed). In addition, appellants brought an action for $47,850 actual damages under Section 11c of Article 6049a which reads as follows:

"When any person, persons, association or corporation is discriminated against by a common purchaser as defined herein in favor of the production of said common purchaser, a cause of action for damages, when such has occurred, shall lie against said common purchaser and said person, persons, association or corporation may bring suit for same in any court of competent jurisdiction in the county in which the damage occurred."

On September 24, 1962, the Attorney General filed his First Amended Original Petition and, for the first time, sought penalties as well as a mandatory injunction. The Attorney General asked that one-half of such penalties be recovered by the State and the other one-half of such penalties be awarded for the use and benefit of the holders and owners of the producing lands and mineral interests involved.

Appellees filed a plea of privilege to appellants' claim for damages. The Trial Court sustained appellees' plea of privilege as to appellants' claim against appellees for actual damages for discrimination and ordered the suit to be transferred to Harris County.

Appellants contend that the venue for their action for damages under 11c of Article 6049a is in Travis County or in the alternative, that this suit for damages be transferred to Haskell County and not Harris County.

Appellants contend that the cause of action instituted by the Attorney General under the provisions of Article 6049a set out above was instituted in Travis County pursuant to that provision of said article that makes venue in Travis County mandatory; that the appellants intervened in this lawsuit wherein the State was suing for penalties in their behalf. That the main issue of the lawsuit was that of discrimination; that the damage issue in the suit brought by the appellants was permissive; that the damage portion of the lawsuit was properly brought in Travis County in order to avoid a multiplicity of suits. In behalf of the point on multiplicity of suits, the appellants contend that par. (a), Rule 40, Texas Rules of Civil Procedure as authority for this contention. The portion of the rule relied on reads as follows:

"All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action * * * a plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities."

The appellees defend on the theories that the appellants could have brought their damage suit for discrimination in Haskell County, Texas, the county in which the

damage was alleged to have occurred, Sec. 11c, Article 6049a; that they failed to do this and inasmuch as venue for the damage portion of the suit does not lie in Travis County, the court correctly transferred the case to Harris County, the home county of the defendants under the venue statute requiring that a defendant be sued in the county of his residence, Article 1995, V.A.C.S. In their contention that venue for appellants' damage suit for discrimination does not lie in Travis County, appellees argue that appellants do not have a cause of action under the penalty section of Article 6049a but have only a cause of action under Section 11c of Article 6049a. Thus the present suit is one with two plaintiffs, each with a separate cause of action trying to join their separate causes in a single suit against appellees. That the appellants are attempting to use the State's penalty action as a prop for their private damage suit, which but for the penalty action could have been maintained only in Haskell County as against appellees' plea of privilege.

Appellants ask this Court to apply the doctrine announced by the Texas Supreme Court in Middlebrook v. David Bradley Manufacturing Company, 86 Tex. 706, 26 S.W. 935. In the Middlebrook case an action was brought by the plaintiff on three promissory notes. The first two were made payable in the county where the action was brought, but the third note named no place of payment. The defendant filed a plea of privilege to the latter note which was sustained. The court reversed the Trial Court as to its ruling on the third note stating that the suit was properly brought for recovery of all three notes in the same suit in order to avoid a multiplicity of suits. Appellants further cite Parkhill Produce Company v. Pecos Valley Southern Railway Company, Tex.Civ.App., 348 S.W.2d 208, affirmed, Tex., 352 S.W.2d 723. Here a plaintiff sued defendant for damages to three carloads of cantaloupes, amended his original petition to add another count for breach of a lease contract. The venue to the suit for damages to the cantaloupes

properly lay in the county wherein it was brought due to an exception to the venue statute; however, the defendant filed a plea of privilege to the count for breach of contract subsequently added pleading the venue statute. The Trial Court severed the breach of the lease contract from the counts for damages, granted the defendant's plea of privilege as to the breach of the lease contract and transferred this portion of the case in accord with defendant's plea. In reversing the Trial Court and allowing all of the counts alleged by plaintiff to be tried together, the court stated that since the district Court had acquired venue of the suit as to the damage counts, it had venue as to the breach of contract count, *it being a claim between the same parties*. (Emphasis added.) The court cited Kendall v. Hackworth, 66 Tex. 499, 18 S.W. 104 as authority for the holding, in that where jurisdiction rightfully belonged under the case stated in plaintiff's original petition, that court would retain its jurisdiction over the case in respect to any supplemental cause of action subsequently engrafted on the original cause of action by an amended petition, unless such amendment set up such additional cause of action fraudulently to deprive the defendant of his personal privilege to litigate it in the county of his residence. To hold otherwise would be to attach a condition to the right to amend the cause of action, as originally declared on, incompatible with the spirit of the law regulating amendments and which the venue statute has not prescribed.

The Middlebrook doctrine is not applicable to this case as we have more than one plaintiff, more than one claim. Full relief can be awarded to each of the parties on his claim, neither party being a necessary party to the other's claim.

The rule is stated in 1 McDonald, Texas Civil Practice, Sec. 4.38, as follows:

"The application of the Middlebrook rule becomes more complicated *where there are multiple parties*. Where plaintiffs have *separate claims* which

may be joined under the rules of *permissive joinder,* each plaintiff must, as against the timely plea of privilege, establish the propriety of the venue as to his own claim; and if one or more fails while another succeeds, the cause will be severed and the *claims* of the unsuccessful plaintiffs will be transferred to the county of the defendant's residence." (Emphasis added.)

McDonald states the rule applicable to *this case and is in accord with the deci-sions.* This rule is applicable whether the multiple plaintiffs have plead more than one cause of action as in Finder v. Jenka Corporation, Tex.Civ.App., 348 S.W.2d 236, no writ history, or where there is more than one plaintiff having several claims arising out of the same cause of action as in Grimes v. McCrary, Tex.Civ.App., 211 S.W.2d 1005, no writ history.

■■■ Here we have a claim for alleged discrimination under Section 11e, Art. 6049a for penalties being brought by the Attorney General under a penalty statute which must be strictly construed. See Agey v. American Liberty Pipe Line Co., 141 Tex. 379, 172 S.W.2d 972. The other claim, by the appellants herein, is for damages under Section 11c of said statute. The rule allowing permissive joinder must give way to the defendant's timely plea of privilege to be sued in the county of his residence.

■■■ Appellants could have brought their suit in Haskell County under Section 11c of Article 6049a as an exception to the venue statute, however, having chosen not to do so and having chosen to file suit in a county in which, under the particular facts and the law applicable, venue does not lie, appellees' contention that they now have the right to have the suit removed to the county of their residence is correct. Art. 1995, V.A.C.S. In this connection see 1 McDonald, Texas Civil Practice, Section 4.57 and the cases there cited.

The judgment of the Trial Court is affirmed.

Affirmed.