The STATE of Texas et al., Appellants,

v.

CROWN CENTRAL PETROLEUM COR-
PORATION et al., Appellees.

No. 11111.

Court of Civil Appeals of Texas.

Austin.

June 26, 1963.

Rehearing Denied July 3, 1963.*

_____

* Held until time for filing Motions for Rehearing had expired, viz. July 11, 1963.

Waggoner Carr, Atty. Gen., Linward Shivers, Asst. Atty. Gen., James N. Ludlum, John Davenport, Austin, for appellants.

Vinson, Elkins, Weems & Searls, Raybourne Thompson, W. H. Drushel, Jr., Houston, Clark, Thomas, Harris, Denius & Winters, James H. Keahey, Austin, Cable & McDaniel, Baltimore, of counsel, for appellees.

ARCHER, Chief Justice.

This is an appeal by appellants The State of Texas, acting by and through its Attorney General, Waggoner Carr, and Merle Hart Duffy, B. Pete Jackson, R. L. Foree, and the Texas Independent Producers and Royalty Owners Association, from an order of the 53rd District Court, Travis County, sustaining a Motion for Summary Judgment by appellees (defendants below) Crown Central Petroleum Corporation and Crown Central Pipe Line Company, said judgment reciting that appellants "take nothing" as to their penalty suit against appellees alleging violation of the Texas statutes prohibiting discrimination in the purchasing and transporting of crude oil in Texas. Appellees, after an answer setting out a general denial, filed a motion for summary judgment, which the Trial Court, after opposition filed by plaintiff and intervenors, sustained and summarily rendered judgment that:

"(1) Neither Plaintiff nor Intervenors have a cause of action for penalties and mandamus for the refusal of Defendants to comply with Special Order No. 7–47,648 issued by the Railroad Commission on February 21, 1962, because Defendants are appealing said Order in the 126th District Court in Cause No. 126,174 and have the right to appeal such Order without, at the same time, being subjected to penalties and/or mandamus for refusing to comply with such Order.

(2) Neither Plaintiff nor Intervenors have a cause of action based on alleged acts of discrimination and not the subject matter of the Railroad Commission Order No. 7–47,648 because the Railroad Commission has exclusive original jurisdiction of all of the complaints of discrimination alleged in this suit and the Plaintiff and Intervenors must first present their complaints to the Railroad Commission."

The appeal is predicated on five points assigned as error by the Trial Court in sustaining appellees' Motion for Summary Judgment (a) because appellants seek only penalties for violation of the discrimination statutes, (b) insofar as appellants are required to submit their complaints to the Railroad Commission, since administrative action is not required, (c) because the effect

of the judgment is to prevent enforcement of the anti-discrimination statutes (Articles 6045, 6048 and Section 8 of 6049a) through penalty suits authorized by Article 6047 and Section 11 of Article 6049a, Vernon's Ann. Civ.St., (d) because the Attorney General had properly determined that violation had occurred (e) and finally because there were genuine issues of material fact raised by the pleadings and the evidence before the Court.

Appellees take the position that appellants have no cause of action for penalties and mandamus for the refusal of defendants to comply with Special Order No. 7–47,648, because appellees are appealing such order and have the right to do so without being subject to penalties for refusing to comply with such order, and that appellants have no cause of action based on alleged acts of discrimination which are not the subject matter of Order No. 7–47,648, and since appellants do not seek penalties for violation of a Commission Order but for violation of the statutes against discrimination the Court correctly rendered judgment; that the Commission has exclusive jurisdiction to enforce the Oil and Gas Statutes, and the Attorney General cannot usurp that function since the Attorney General can bring suits to end discrimination, only after the Commission has determined by a valid order that discrimination exists and finally that this suit is, as a matter of law, barred; that there are no genuine issues of fact which are material.

On September 10, 1961, B. A. Duffy, now deceased, filed a complaint with the Commission requesting a hearing to investigate the refusal of the present appellees to extend a pipeline to the leases of Duffy, and to determine if a pipeline connection should be required by the Commission in order to prevent unreasonable discrimination.

The complaint was filed pursuant to a Commission Order, called the June 4, 1958 Order, prescribing procedures for requiring common carrier pipelines to connect to leases and wells, which order, in brief, provided that the carrier should, upon application and tender of crude oil by a producer, connect to such lease, when (1) such request is made for connection of lease batteries in the general area served by such carrier, which is an affiliate or subsidiary of a common purchaser, as defined by Section 8 of Article 6049a, and (2) within individual fields, when any common carrier possesses the only pipeline serving such field and request is made for connection of an unconnected lease battery; provided that for just cause common carrier pipelines may seek exceptions. There is a further provision that when application has been made for a connection and such is refused, a complaint for failure to connect may be filed with the Commission and an allegation of discrimination is made. When the matter comes to the Commission either as an exception by the pipeline or as a producer's complaint for failure to connect, ten days notice shall be given to all affected parties, after which a hearing shall be had, and the Commission will require and consider among other factors, evidence relating to ability of the pipeline to transport the quality of oil, the market for tendered oil, and the period required to return the capital investment for the connection.

After a hearing on the Duffy complaint, the Commission by its Order No. 7–47,648, dated February 21, 1962, required the Crown Companies to extend their pipeline and to connect the tank batteries of the leases.

A hearing was overruled and appellees brought suit in the 126th Judicial District Court of Travis County attacking the Order dated February 21, 1962 on the grounds:

(1) That Crown is not now and has never purchased oil at lease tank batteries in the field, and that the Commission is not empowered under any law of this State to order it to do so;

(2) That the purchase by Crown of oil produced from the 11 Duffy-operated leases at the Teague Station rather than at the lease tank batteries does not constitute discrimination;

(3) That the refusal of Crown Pipe Line to construct a gathering system for the Duffy-operated leases does not constitute discrimination prohibited by law;

(4) That Crown Pipe Line has never undertaken to render a pipeline gathering service in the Haskell County Regular Field, and that the order of the Commission requiring the construction of a system to serve the Duffy leases at a cost of $42,000 denies to it due process of law;

(5) That the action of the Commission in ordering the construction of the gathering system, and failing to establish rates and charges, has the effect of taking Crown's property without due process of law; and finally,

(6) A pipeline gathering system for the Duffy leases is not required by the public convenience and necessity.

The Commission answered by a general denial. Subsequently Duffy et al and Texas Independent Producers and Royalty Owners Association intervened. This case is pending in the 126th Judicial District Court.

On July 23, 1962 the instant suit was filed in the 53rd Judicial District Court, seeking a mandatory injunction to require the Crown Companies to comply with the February 21, 1962 Order which was then under attack in the 126th Judicial District Court.

Appellees answered on August 17, 1962 by general denial and a plea in abatement based on the pendency of the suit in the 126th Judicial District Court.

On September 21, 1962 TIPRO et al and Duffy et al filed petitions in intervention, seeking a mandatory injunction and for the penalties provided for in Section 11 of Article 6049a, and for private damages under Section 11e.

On September 24, 1962 the Attorney General filed a First Amended Original Petition, and prayed:

"Plaintiff prays that at the conclusion of the final hearing hereon that this honorable Court enter an order for a permanent mandatory injunction requiring Defendants, Crown Central Petroleum Corporation and Crown Central Pipe Line Company, to obey and comply with the relevant statutes above cited, and to obey and execute the orders of the Railroad Commission above referred to, and, Plaintiff further prays, in accordance with the relevant statutes that the penalties provided by law be imposed upon the respective Defendants, namely, Crown Central Petroleum Corporation and Crown Central Pipe Line Company, in an amount commensurate with its continued violations of law, and in an amount not less than One Hundred ($100.00) Dollars nor more than One Thousand ($1,000) Dollars for each offense, commencing October, 1959, and, in accordance with law, that one-half (½) of such penalties be recovered by the State of Texas and the other one-half (½) of such penalties be awarded for the use and benefit of the holders and owners of the producing lands and mineral interests involved, and, Plaintiff further prays for costs of suit and such other and further relief, general or special, at law or in equity, to which Plaintiff, and the owners of the producing lands and mineral interests involved, may be justly entitled."

On October 8, 1962 appellees filed a plea of privilege to Duffy et al's alleged private cause of action, which was granted by the Trial Court and sustained by this Court on April 17, 1963 in Duffy, et al. v. Crown Petroleum Corporation, et al., Tex.Civ.App., 366 S.W.2d 956.

On October 9, 1962 appellees filed their Motion for Summary Judgment, urging that as a matter of law that the suit did not lie as long as appellees were in good faith attacking the Commission's Order, and stating:

"It is self-evident that if these defendants can test the validity of the February 21, 1962, order in the courts only at the risk of having to pay pen-

alties or having to violate a mandatory injunction, they have in fact been denied their right to a judicial review of said February 21, 1962, order because it would be far better for them to yield to an unlawful order than to ask for the protection of the law."

On October 18, 1962 appellants filed amended pleadings asserting as additional cause or causes of action for discrimination not based on the Order of February 21, 1962, but independently on "the Statutes of Texas," or upon the Commission's general order of June 4, 1958.

Appellees stated in a supplement to their Motion for Summary Judgment, in answer to the additional causes of action, that there was no material issue of fact, and were entitled to a judgment for the following reasons:

"(1) Neither the statutes nor the Commission's general order of June 4, 1958, requires Appellees to make any extension of their pipeline in the absence of a specific order of the Commission, issued after proper notice and hearing, finding that such extension is reasonable under all of the circumstances and necessary in the public interest;

"(2) And if the statutes or the Commission's general order of June 4, 1958, be construed as requiring Appellees to make such extension without any specific order by the Commission, then such statutes and general order have the effect of taking Appellees' property without due process of law and denying to them the equal protection of the law."

On November 21, 1962 while the motion was pending, the Attorney General amended the pleadings and sued for the State and the aggrieved parties for discrimination by appellees against Duffy et al within the Haskell County Regular Field and sought penalties.

On January 15, 1963 appellees filed a supplement to their motion, stating if the in-junction and penalties were sought because appellees refused to comply with the Commission's Order, then as a matter of law the action did not lie; and that if the injunction and penalties were sought independent of the Commission's Order, and as an original matter the action did not lie because the Commission has exclusive original primary jurisdiction over such matters; that if the injunction and penalties were sought on the basis of different instances of discrimination, the action did not lie because the Commission has exclusive original jurisdiction over such matters and appellants had not exhausted their administrative remedy.

The motion for summary judgment came on for hearing on October 19, 1962, but the hearing was not finally completed until January 24, 1963 when the motion was granted in terms:

"(1) Neither Plaintiff nor Intervenors have a cause of action for penalties and mandamus for the refusal of Defendants to comply with Special Order No. 7–47,648 issued by the Railroad Commission on February 21, 1962, because Defendants are appealing said Order in the 126th District Court of Travis County in Cause No. 126,174 and have the right to appeal such Order without, at the same time, being subjected to penalties and/or mandamus for refusing to comply with such Order.

"(2) Neither Plaintiff nor Intervenors have a cause of action based on alleged acts of discrimination and not the subject matter of the Railroad Commission Order No. 7–47,648 because the Railroad Commission has exclusive original jurisdiction of all of the complaints of discrimination alleged in this suit and the Plaintiff and Intervenors must first present their complaints to the Railroad Commission."

The order provided:

"that the Plaintiff and Intervenors take nothing by this suit and that all costs

herein be taxed against Plaintiff and Intervenors; provided, however, that this judgment shall not be a bar to Plaintiff's right to bring an action for mandamus and/or penalties should the Railroad Commission's Order of February 21, 1962, which is now under attack in Cause No. 126,174 in the 126th District Court of Travis County, be finally adjudged to be a valid order, and the Defendants should thereafter refuse to obey the same."

We believe that the Trial Court was justified in entering the judgment appealed from.

The issue before the Commission was whether Crown was discriminating against Duffy's production in Haskell County Regular Field, this was denied and is being tested in 126th Judicial District Court. Appellants contend that a trial can be had of the acts complained of before the Commission even if it be held the Commission's order is void.

In Wadley Southern Ry. Co. v. State of Georgia, 235 U.S. 651, 35 S.Ct. 214, 59 L. Ed. 405, it was held:

"But in whatever method enforced, the right to a judicial review must be substantial, adequate, and safely available; but that right is merely nominal and illusory if the party to be affected can appeal to the courts only at the risk of having to pay penalties so great that it is better to yield to orders of uncertain legality rather than to ask for the protection of the law. * * *

"Their legality is not apparent on the face of such orders, but depends upon a showing of extensive facts. A statute, therefore, which imposes heavy penalties for violation of commands of an unascertained quality is, in its nature, somewhat kin to an ex post facto law, since it punishes for an act done when the legality of the command has not been authoritatively determined. Liability to a penalty for violation of such orders, before their validity has been determined, would put the party affected in a position where he himself must, at his own risk, pass upon the question. He must either obey what may finally be held to be a void order, or disobey what may ultimately be held to be a lawful order. If a statute could constitutionally impose heavy penalties for violation of commands of such disputable and uncertain legality, the result inevitably would be that the carrier would yield to void orders, rather than risk the enormous cumulative or confiscatory punishment that might be imposed if they should thereafter be declared to be valid."

In Culver v. Smith, Tex.Civ.App., 74 S.W.2d 754, er. ref., this Court held the court has no jurisdiction to enforce the statute until the matter has been first passed upon by the Commission, and then it only determines whether or not the order of the Commission is unjust and unreasonable as to the railway company complaining of the same. Such being our view of the law, we do not think the trial court erred in sustaining the exceptions to the state's plea of intervention, in so far as it related to the spur track.

The Commission has exclusive original jurisdiction to consider complaints of discrimination by common carrier-purchasers under Article 6049a and the appropriate Sections thereunder.

American Liberty Pipeline Co. v. Agey, Tex.Civ.App., 167 S.W.2d 580, affirmed, 141 Tex. 379, 172 S.W.2d 972.

Deep South Oil Company of Texas v. Texas Gas Corporation, Tex.Civ.App., 328 S.W.2d 897, er. ref., n. r. e.

The judgment of the Trial Court is affirmed.

Affirmed.

HUGHES, J., dissenting.

For dissenting opinion see 369 S.W.2d 955.