The STATE of Texas et al., Appellants,

v.

CROWN CENTRAL PETROLEUM CORPO-
RATION et al., Appellees.

No. 11111.

Court of Civil Appeals of Texas.

Austin.

June 26, 1963.

For majority opinion see 369 S.W.2d 458.

HUGHES, Justice.

In so far as the majority holds that the State has no cause of action based on failure to comply with Railroad Commission Special Order No. 7–47,648, until its validity has been finally determined, I agree. In so far as the majority holds that the State cannot sue for appropriate relief based on acts of discrimination not the subject matter of the above Special Order, I disagree. The Court states, as to the latter holding: "The Commission has exclusive original jurisdiction to consider complaints of discrimination by common-carrier purchasers under Article 6049a [Vernon's Ann.Civ.St.] and the appropriate Sections thereunder." Cited to support this holding are Agey v. American Liberty Pipeline Co., 141 Tex. 379, 172 S.W.2d 972, Austin Court of Civil Appeals opinion, 167 S.W.2d 580; Deep South Oil Company of Texas v. Texas Gas Corporation, 328 S.W.2d 897, Beaumont Civil Appeals, writ ref., n. r. e.

Neither the State nor the Attorney General nor any County or District Attorney were parties to either of those cases. All that Agey held was that a private individual could not bring suit for himself to recover penalties recoverable under Sec. 11, Art. 6049a, for alleged discrimination by the Pipe Line in refusing to buy his oil the Court holding that only the Attorney General or a County or District Attorney pos-

sessed such authority. In the course of its opinion the Court stated:

"The Attorney General is the chief law officer of the State, and it is incumbent upon him to institute in the proper courts proceedings to enforce or protect any right of the public that is violated. Section 22 of Article 4 of the State Constitution, Vernon's Ann. St.; 5 Tex.Jur., p. 373, § 5. He has the right to investigate the facts and exercise his judgment and discretion regarding the filing of a suit. 5 Tex. Jur., p. 380, § 8."

With regard to this case appellees say: "Appellants seek to avoid the plain holdings of American Liberty Pipe Line Co. v. Agey, 167 S.W.2d 580 (Aus.Civ.App., 1942, aff'd 141 Tex. 379, 172 S.W.2d 972), that 'Section 8, Article 6049a, which required common purchasers to purchase "without discrimination in favor of one producer or person as against another in the same field, and without unjust or unreasonable discrimination as between fields" also provided, "the question of justness or reasonableness to be determined by the Railroad Commission." ' "

This quotation from the Court of Civil Appeals' opinion, this Court, is a correct statement of the statutory provisions to which it refers. Such opinion does not in any manner resolve the question before us. It is to be noted that this Court in that case indicated that Agey's remedies were not restricted to those available through appeal to the Commission when it said: "In so far as Agey's rights under the statute may have been infringed, he had ample protection through the Commission and by suit for damages and injunction in the courts." Concededly this language was dictum, but it helps dispel the notion that Agey is authority for appellees here.

Deep South was a declaratory judgment suit in which the Court held:

"As this statutory regulation provides in detail the remedies for discrim-

ination where none existed before, Thompson v. Consolidated Gas Utilities Corp., 300 U.S. 55, 57 S.Ct. 364, 371, 81 L.Ed. 510, these remedies are exclusive. Vance v. Southern Kansas R. Co., Tex.Civ.App., 152 S.W. 743; Mingus v. Wadley, 115 Tex. 551, 285 S.W. 1084. We therefore hold that damages may not be recovered in this action for any discrimination that may have existed or now does so, but appellant's remedy therefor must be through the provisions of Art. 6049a and related articles of our conservation statutes."

Two questions were presented to the Supreme Court in this case by Deep South and we quote from its application for writ of error:

"(1) the basis upon which a common purchaser must prorate its purchases of gas in a given field in accordance with Article 6049a, V.A.T.S., and (2) the remedies available to a gas producer which has been discriminated against by the common purchaser in violation of said statute."

It is obvious that the scope of authority of the Attorney General was not before the courts in Deep South.

Sec. 22, Art. 4, Texas Constitution, provides in part:

"The Attorney General * * * shall * * * from time to time, in the name of the State, take such action in the courts as may be proper and necessary to prevent any private corporation from exercising any power * * * not authorized by law."

Appellees here are private corporations. The Attorney General has charged them with the commission of acts which are not authorized by law. He has brought a suit which only he has the authority to bring. If the statutes in question interfere with this constitutional power of the Attorney General, then they must yield. I am not satisfied that they should be so construed.

Arts. 6045 and 6048, Vol. 16B, V.A.C., defines and prohibits discrimination in the transportation of crude petroleum.

Art. 6049a, id., regulates storage tanks for hire and pipelines as public utilities in the storing and transportation of crude petroleum. The following portions of such Article are relied upon by appellees as vesting the Commission with exclusive original jurisdiction of all matters involved in this suit, and I copy them as shown in their brief:

"Section 4 provides:

" 'The Railroad Commission of Texas shall establish and enforce rules and regulations governing the character of facilities to be furnished by such utilities * * * and it shall also exercise such power upon petition of any person showing a substantial interest in the subject matter thereof.'

"Section 6 provides that every common carrier of crude petroleum shall file monthly reports with the Railroad Commission concerning its business during the preceding month.

"Section 6a provides:

" 'The Commission shall establish and promulgate rates of charges and regulations for gathering, transporting, loading and delivering crude petroleum by such common carriers in this State * * * and prescribe and enforce rules and regulations for the government and control of such common carriers in respect to their pipeline and receiving, transferring and loading facilities. * * *'

"Section 7 provides that the Commission may, after notice and hearing upon complaint by a party at interest, or upon its own initiative without complaint, require common carriers to ex-

tend or enlarge their pipelines, 'provided such extension or enlargement shall be found to be reasonable and required in the public interest and that the expense involved will not impair the ability of such common carrier * * * to perform its duty to the public.'

"Section 8 provides:

" '* * * (that a common purchaser) shall purchase oil offered it for purchase without discrimination in favor of one producer or person as against another in the same field and without unjust or unreasonable discrimination as between fields * * *; the question of justice or reasonableness to be determined by the Railroad Commission. * * *'

"Section 8b provides:

" 'It shall be the duty of the Railroad Commission of Texas to see that the provisions of this Act are fully complied with, and it shall have the power, after notice and hearing, to make rules, regulations and orders, defining the distance that extensions or gathering lines shall be made to all oil or gas wells; and such other rules, regulations or orders as may be necessary to carry out the provisions of this Act, and to prevent discrimination in purchases.'

"Section 9 provides:

" 'The Railroad Commission of Texas shall have authority to make rules and regulations for the enforcement of the provisions of this Act.'

"Section 10 provides:

" 'Any person * * * or the Attorney General of Texas on behalf of the State may institute proceedings before the Railroad Commission, or apply for a hearing before said Commission upon any question relating to the enforcement of this Act, and jurisdiction is hereby conferred upon said Commission to hear and determine the same after notice provided by Article 6038, * * *.'

"Section 11 provides:

" 'For the violation of any provision of this Act, or for the violation of any valid rule or regulation promulgated hereunder or any order passed by the Railroad Commission in pursuance of any such provision, rule or regulation, such person, association of persons, or corporation shall be subject to a penalty of not less than One Hundred Dollars ($100.00) nor more than One Thousand Dollars ($1000.00) for each offense recoverable in the name of the State in any District Court in Travis County, Texas, and each day of such violation shall constitute a separate offense. One half of such penalty may be recovered by and for the use of any person, association of persons or corporation against whom there shall have been an unlawful discrimination as herein defined, such suit to be brought in the name of and for the use of the party or parties aggrieved.'

"Section 12 provides that any person aggrieved by any order of the Railroad Commission issued under the Act may have such order reviewed in the manner prescribed by Article 6453."

I also direct attention to and copy Art. 6047, id.:

"Art. 6047. Penalty

"Any common carrier as herein defined who shall violate any provision of this law, or who shall fail to perform any duty herein imposed, or any valid order of the Commission when not stayed or suspended by order of court, shall be subject to a penalty of not less than one hundred nor more than one thousand dollars for each offense, recoverable in the name of the State. Such penalty may also be recovered by and for the use of any person, corporation or association of

persons against whom there shall have been an unlawful discrimination as therein defined; such suit to be brought in the name of and for the use of the party aggrieved."

It is to be noted that Sec. 10, in regard to the Attorney General's authority, is permissive only.

It is also to be noted that Sec. 8, the question of "justice and reasonableness" to be determined by the Commission refers and applies only to "discrimination as between fields." In this suit the State charges discrimination in favor of one person against another "in the same field." This type of discrimination is not, by the statute, relegated to the Commission for the purpose of determining its justness or reasonableness.

Section 11, Art. 6049a and Art. 6047 both provide for the institution of suits by the State, for penalties for violation of the law *or for violation of orders of the Commission.* The Commission cannot institute this suit in its own behalf. It cannot supplant, nor does it here seek to supplant, the constitutional or statutory duties of the State's attorneys.

Construing these statutes reasonably and with effort to sustain their constitutionality, it is my judgment that they do not impinge upon the authority of the State and its attorneys to bring suit for violation of the statutes here involved. Resort to the Railroad Commission first would accomplish nothing.[1] The Commission cannot try this case. If it entered an order with respect to statutory violations by appellees this order would be subject to appeal and in the meantime the penalty statutes would be in a state of repose. This construction and enforcement of these statutes would thwart their purpose and redound to the benefit of those who violate them.

I quote appellees' response to the claim of constitutional authority made by the Attorney General:

"Section 22 of Article 4 of the Texas Constitution authorizes the Attorney General to 'especially inquire into the charter rights of all private corporations, and from time to time in the name of the State, take such action in the courts as may be proper and necessary to prevent any private corporation from exercising any power * * * not authorized by law. He shall, whenever sufficient cause exists, seek a judicial forfeiture of such charters. * * *' Section 22 of Article 4 is totally irrelevant to this suit. Here, the Attorney General has not brought a quo warranto action against appellees. Rather, he has brought an action for penalties and injunction under Article 6049a, Section 11 and Section 11e, as this Court recently stated in its Opinion on the venue facet of this case. *Duffy v. Crown Central Petroleum Corporation,* 366 S.W.2d 956 (Aus. Civ.App., 1963, no writ history):

" 'Here we have a claim for alleged discrimination under Section 11e, Article 6049a for penalties being sought by the Attorney General under a penalty statute which must be strictly construed.'

"If the Attorney General were prosecuting a quo warranto action, there would be merit in his contention that he could bring such action in the first instance without the Railroad Commission's having considered the matter. But he is not bringing a quo warranto action. He has brought an action asserting discrimination by a common purchaser-common carrier pipeline for penalties and injunction under the Common Purchaser Act. These statutes quite plainly state that

---

1. Resort to administrative remedy where such remedy would be of no value is generally held to excuse resort thereto. 2 Am.Jur.2d p. 441.

the question of whether or not a common purchaser-common carrier pipeline is discriminating against producers is within the primary jurisdiction of the Railroad Commission."

I cannot subscribe to this narrow construction of the Constitution. I believe that this provision of the Constitution empowers the Attorney General to do much more than to bring suits to forfeit the charters of private corporations. I believe it authorizes him to bring this suit which, the Supreme Court has said, that only he or a County or District Attorney may bring. If any statute interferes with this authority, it must give way.

I respectfully dissent from the majority opinion which does not mention, and, of course, does not explain, the Constitutional provision upon which the Attorney General relies as giving him the authority to maintain this suit.