OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

July 14, 1999

The Honorable Florence Shapiro
Chair, Committee on State Affairs
Texas State Senate
P.O. Box 12068
Austin, Texas 78711

Opinion JC-0077

Re: Whether a van-access aisle adjacent to a van-accessible parking space is an "architectural improvement designed to aid persons with disabilities" for purposes of section 681.011(c) of the Transportation Code (RQ-1228)

Dear Senator Shapiro:

Under section 681.011(c) of the Transportation Code, a person who parks a vehicle so as to obstruct "an architectural improvement designed to aid persons with disabilities" commits a misdemeanor. *See also* TEX. TRANSP. CODE ANN. § 681.011(g)-(k) (Vernon 1999) (prescribing penalties). You ask whether a van-access aisle adjacent to a van-accessible parking space is an "architectural improvement designed to aid persons with disabilities" in the context of section 681.011(c). We believe it is.

Under the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12205 (1995 & Supp. 1999), the United States Department of Justice has promulgated minimum standards, designed to improve access for the disabled, for new or altered public parking lots. Among other things, the Department of Justice requires that one in every eight accessible parking spaces be served by a van-access aisle: "One in every eight accessible spaces, but not less than one, shall be served by an access aisle 96 [inches] . . . wide minimum and shall be designated 'van accessible. . . .'" 28 C.F.R. pt. 36, app. A § 4.1.2(5)(b) (1998); *see also id.* § 4.6.4 (providing for signage). The Texas Department of Licensing and Regulation has adopted substantially identical requirements in accordance with the Texas Architectural Barriers Act, TEX. REV. CIV. STAT. ANN. art. 9102 (Vernon Supp. 1998). *See* TEX. DEP'T OF LICENSING & REGULATION, TEXAS ACCESSIBILITY STANDARDS § 4.1.2(5)(a), (b) (1994).

Section 681.011 of the Texas Transportation Code establishes several offenses related to the unauthorized use or misuse of disabled parking spaces or privileges. For example, under section 681.011(a), a person who parks a vehicle with specially designed, disabled license plates or a disabled parking placard in a designated disabled parking space commits an offense if the driver is not disabled or is not transporting a disabled person. A person without disabled license plates or a disabled parking placard on his or her vehicle commits an offense under section 681.011(b) if the person parks in a designated disabled parking space. Under section 681.011(d), a person commits

an offense if he or she lends a disabled parking placard to another person who uses the placard in contravention of section 681.011. And, under section 681.011(c), a person commits an offense if the person "parks a vehicle so that the vehicle blocks an architectural improvement designed to aid persons with disabilities, including an access or curb ramp."

You ask whether a van-access aisle adjacent to a van-accessible parking space qualifies as an "architectural improvement designed to aid persons with disabilities" for purposes of section 681.011(c) of the Transportation Code. We find no statutory definition or judicial construction of the phrase "architectural improvement designed to aid persons with disabilities." Because section 681.011(c) is a statute that creates a criminal offense for parking in a way that obstructs an "architectural improvement designed to aid persons with disabilities," however, the phrase must be strictly construed. A statute imposing a criminal penalty must be construed narrowly to, in part, fairly notify persons subject to the statute so that they may act as the statute requires and avoid the criminal penalty. *See Agey v. American Liberty Pipe Line Co.*, 172 S.W.2d 972, 974 (Tex. 1943); *State v. International G.N. Ry. Co.*, 179 S.W. 867, 868 (Tex. 1915); *Howell v. Mauzy*, 899 S.W.2d 690, 704 (Tex. App.–Austin 1994, writ denied).

Moreover, the statute tells us that an architectural improvement designed to aid persons with disabilities includes items like access ramps and curb ramps. TEX. TRANSP. CODE ANN. § 681.011(c) (Vernon 1999). The term "including" is a term of enlargement, not a term denoting exclusivity. TEX. GOV'T CODE ANN. § 311.005(13) (Vernon 1998). To determine whether a van-access aisle should be "included" within the set of architectural improvements designed to aid persons with disabilities, we consider whether a van-access aisle bears significant similarities to an access ramp or a curb ramp. We believe it does.

Both an access ramp and a curb ramp are features specially designed to facilitate access by a person with a mobility disability. Generally, both enable a person with such a disability to navigate from the parking-lot or street level to a sidewalk or building entrance. Without an access or curb ramp, a person with a mobility disability would be severely hampered in any attempt to access a building from the parking lot. Additionally, both are mandated by federal law, *see* 28 C.F.R. pt. 36, app. A §§ 4.7, 4.8 (1998), and federal law sets out precise specifications for each, *see id.* For example, an access ramp generally shall have a slope of 1:12 with a maximum rise of thirty inches, *see id.* § 4.8.2, shall have a minimum clear width of thirty-six inches, *see id.* § 4.8.3, shall have level landings, *see id.* § 4.8.4, and shall have handrails in certain circumstances, *see id.* § 4.8.5. Similarly, a curb ramp "shall be provided wherever an accessible route crosses a curb," *see id.* § 4.7.1, shall have a maximum slope of 1:12, *see id.* §§ 4.7.2, 4.8.2, shall be at least thirty-six inches wide, *see id.* § 4.7.3, and generally shall have flared sides, *see id.* § 4.7.5.

A van-access aisle is similar in function and purpose to a ramp and is also similarly required by law. A van-access aisle is specially designed to facilitate access by a person with a mobility disability by providing sufficient space adjacent to a parking space for such a person to exit a van and access the access or curb ramp, and from there, the building served by the parking lot. The ability of a person with a mobility disability to leave a vehicle and approach a building from the

parking lot would be hampered without a van-access aisle. In addition, federal law requires that a specific proportion of total parking spaces in every public parking lot must be served by a van-access aisle. *See id.* § 4.1.2(5)(b). The dimensions of the van-accessible parking space are regulated by federal law, *see id.* §§ 4.1.2(5)(b), 4.6.3 & fig. 9, and may not slope more than a certain percentage, *see id.* § 4.6.3. Van-accessible parking spaces must be designated with special signs. *See id.* § 4.6.4.

Given these numerous and significant similarities, we conclude a van-access aisle is an architectural improvement designed to aid persons with disabilities for purposes of section 681.011(c) of the Transportation Code. Moreover, we can surmise no reason for concluding that obstructing an access or curb ramp is an offense under section 681.011(c) of the Transportation Code, but obstructing a van-access aisle, which has the same purpose and function as a ramp, is not an offense. Particularly in light of the fact that section 681.011 as a whole appears to cover any wrongful use of a disabled parking space, we believe that no person could fail to be on notice that obstructing a van-access aisle is an offense. Thus, our conclusion comports with our duty to strictly construe this criminal statute. *See Agey,* 172 S.W.2d at 974; *International G.N. Ry. Co.,* 179 S.W. at 868; *Howell,* 899 S.W.2d at 704.

Accordingly, parking a vehicle so as to block a van-access aisle is an offense under section 681.011(c) of the Transportation Code and is punishable under section 681.011(g)-(k).

## S U M M A R Y

Parking a vehicle so as to block a van-access aisle is an offense under section 681.011(c) of the Texas Transportation Code.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Prepared by Kymberly K. Oltrogge
Assistant Attorney General