# Supreme Court of Texas

No. 23-0703

Southern Methodist University and Paul J. Ward,

*Petitioners*,

v.

South Central Jurisdictional Conference of the United Methodist
Church and Bishop Scott Jones,

*Respondents*

On Petition for Review from the
Court of Appeals for the Fifth District of Texas

JUSTICE BLAND, dissenting in part.

This case asks the Court to harmonize legal restrictions on
outside control of nonmember, nonprofit corporations with the control
the Legislature permits religious organizations to exercise in some
instances. That balance is met by permitting religious organizations to
obtain declaratory relief to settle governance disputes. The Court's step
further—permitting private contract causes of action akin to derivative
actions—is a step too far.

The Court does so under a newly minted theory that a party may
claim third-party beneficiary status through the State's prerogative to

issue a nonprofit charter. A stretch found nowhere in existing law, the Court permits a private party to exercise enforcement powers granted to the State while obtaining compensatory damages in the process. None of the statutes governing nonprofits suggest private contract rights are a follow-on benefit to nonprofit charter provisions. Instead, the parties must mutually confer contract rights through a separate agreement—not through the State's enforcement power.

We should hold that a nonprofit's charter does not confer third-party beneficiary status via the State. By recognizing such a claim—one not even the Conference advances—the Court breaks new ground on its own. The better course is to grant religious organizations access to declaratory relief when complaining of ultra vires corporate actions. I join the Court's opinion as to Part IV.A as it properly does so. I would not go further and permit organizations an unrecognized right to pursue damages for a breach of contract.

Accordingly, I do not join the Court's opinion as to Part IV.B, insofar as the Court recognizes a religious organization's private right of action for breach of contract found nowhere in the statutory text governing its relationship with a nonprofit. I respectfully dissent from the portion of the Court's judgment remanding the breach of contract claim.

# I

The charter of Southern Methodist University, a nonmember, nonprofit corporation, grants the South Central Jurisdictional Conference of the United Methodist Church the right to approve amendments to SMU's governing articles of incorporation. In 2019,

2

SMU's board of trustees voted to amend its articles but did not seek Conference approval. The Conference sued, seeking declarations regarding the validity of the amendments and, pertinent here, asserting a claim for breach of contract. SMU moved to dismiss, arguing in relevant part that nonmember, nonprofit corporations' articles of incorporation are not contracts and the Conference otherwise failed to plead an enforceable contract. The Conference responded that the articles themselves are a contract between the Conference and SMU or, alternatively, that the Conference is a third-party beneficiary of them.

The trial court granted SMU's motion to dismiss the breach of contract claim. The court of appeals reversed and remanded the claim, holding that the Conference's pleadings sufficiently alleged that SMU's articles were a contract between itself and the Conference.[1] In this Court, the Conference did not present its third-party beneficiary claim.[2]

---

[1] 674 S.W.3d 334, 365 (Tex. App.—Dallas 2023). As the court of appeals held that the articles themselves constitute a contract between SMU and the Conference, it did not reach the third-party beneficiary argument. *Id.* at 364 n.19.

[2] The issue is not briefed in our Court. In the trial court, the Conference pleaded that it is a third-party beneficiary of SMU's articles. In its briefing to the court of appeals, the Conference's only mention of the issue is in a footnote stating that "[i]n the alternative, the Conference sufficiently pled that it is an intended third-party beneficiary of SMU's Articles of Incorporation." Opening Brief of Appellant South Central Jurisdictional Conference of the United Methodist Church at 48 n.99, 674 S.W.3d 334 (Tex. App.—Dallas 2023) (No. 05-21-00151-CV). SMU responded that the Conference has "no cognizable contract rights here—whether as an alleged contractual party or third-party beneficiary." Brief of Appellees at 32, 674 S.W.3d 334 (No. 05-21-00151-CV).

## II

The Court correctly holds that the articles are not a contract between SMU and the Conference. As the Court explains, the articles of a nonmember, nonprofit corporation cannot constitute a contract with an outside party. The Court further holds that the Conference is a third-party beneficiary of SMU's articles and may pursue a breach of contract claim.

Generally, however, "the benefits and burdens of a contract belong solely to the contracting parties, and 'no person can sue upon a contract except he be a party to or in privity with it.'"[3] A third party seeking recovery under a contract can overcome this presumption, but "only if the parties intended to secure some benefit to that third party, and only if the contracting parties entered into the contract directly for the third party's benefit."[4] The third party's expectations or actual benefit are immaterial, as is the contracting parties' knowledge that the third party would benefit.[5]

The parties to SMU's articles of incorporation are SMU and the State of Texas, as is the case for any nonmember, nonprofit corporation.[6]

---

[3] *First Bank v. Brumitt*, 519 S.W.3d 95, 102 (Tex. 2017) (quoting *House v. Hous. Waterworks Co.*, 31 S.W. 179, 179 (Tex. 1895)).

[4] *MCI Telecomms. Corp. v. Tex. Utils. Elec. Co.*, 995 S.W.2d 647, 651 (Tex. 1999).

[5] *Brumitt*, 519 S.W.3d at 102; *see also MCI Telecomms.*, 995 S.W.2d at 651 ("In determining whether a third party can enforce a contract, the intention of the contracting parties is controlling.").

[6] *See Santa Rosa Infirmary v. City of San Antonio*, 259 S.W. 926, 935 (Tex. Comm'n App. 1924, judgm't adopted) (holding that such a contract is

As the Court recognizes, however, "[a]lthough the State is a 'party' to that contract, it is not the product of a bargain or negotiation."[7] It thus cannot be said that the State "intended" to benefit a third party by exercising a mandatory statutory duty to permit incorporation if the articles comply with applicable law.[8]

This stands in stark contrast to *City of Houston v. Williams*, which the Court gives as an example of the requisite intent for a contract with the government as a party.[9] In *Williams*, we held that a collective bargaining agreement between a city and a firefighter's union specifically benefited individual firefighters who were union members.[10] These firefighters were known and contemplated beneficiaries to the agreement.[11] Here, the State cannot evince a similar "manifest intent."[12] All it possesses in connection with nonprofit charters are general powers of enforcement. Nothing within these powers manifests an intent to make private parties the intended beneficiaries of state charters.

---

created by a nonprofit's "very incorporation for purely charitable and benevolent purposes").

[7] *Ante* at 25.

[8] *See* Tex. Bus. Orgs. Code § 4.002(a) (mandating that the Secretary of State file an instrument, including articles of incorporation, upon finding that it "conforms to the provisions of this code that apply to the entity").

[9] 353 S.W.3d 128 (Tex. 2011); *ante* at 24–25.

[10] 353 S.W.3d at 148–49.

[11] *See id.* at 148 ("It is the intent and purpose of this Agreement to . . . adjust and to establish the rates of pay, hours of work, and other conditions of employment for all *Bargaining Unit Members . . . .*" (emphasis added)).

[12] *Id.* at 149.

The Court is content to look past these concerns because, in its view, Business Organizations Code Section 22.207 provides "the requisite State intent" to confer third-party beneficiary status.[13] It is true that Section 22.207 confers upon religious entities like the Conference a right to form and exercise governing control over certain types of corporations, including educational ones.[14] I agree with the Court that Section 22.207 is properly interpreted to authorize the Conference to enforce its rights under SMU's articles, thus permitting declaratory or injunctive relief "from uncertainty and insecurity with respect to rights, status, and other legal relations."[15] But to suggest it supplies the requisite state intent is an atextual reading that expands permissive control of religious organizations into authorizing claims for money damages under the auspices of state action.

In so authorizing, the Court recognizes a private cause of action based on third-party beneficiary status to state authority for the first time. This permits private parties to receive damages for enforcing a corporation's articles. I question the degree to which an unauthorized private party can do so without violating our Constitution's limitations

---

[13] *Ante* at 26.

[14] *See* Tex. Bus. Orgs. Code § 22.207(a) ("The board of directors of a religious, charitable, educational, or eleemosynary corporation may be affiliated with, elected, and *controlled by* an incorporated or unincorporated convention, conference, or association organized under the laws of this or another state, the membership of which is composed of representatives, delegates, or messengers from a church or other religious association." (emphasis added)).

[15] *Ante* at 16; Tex. Civ. Prac. & Rem. Code § 37.002(b).

on who may represent the State in court.[16] It is the role of the attorney general to "especially inquire into the charter rights of all private corporations."[17] Our Court has previously questioned whether a private party may take on the role of the State when the Legislature has not authorized such a suit absent joinder of a state actor.[18] The "more searching scrutiny" we give private delegations should cause the Court to hesitate before condoning a new cause of action for damages.[19]

Permitting private parties to seek damages is beyond the injunctive relief that shareholders, members, or the attorney general can seek when asserting the ultra vires claims that Section 20.002 authorizes.[20] I agree that general statutory limits on such ultra vires claims cannot countermand Section 22.207 and prevent religious entities from suing to enforce the rights it confers.[21] We should

---

[16] *See* Tex. Const. art. IV, § 22 ("The Attorney General shall represent the State in all suits and pleas in the Supreme Court of the State in which the State may be a party, and shall especially inquire into the charter rights of all private corporations, and from time to time, in the name of the State, take such action in the courts as may be proper and necessary to prevent any private corporation from exercising any power or demanding or collecting any species of taxes, tolls, freight or wharfage not authorized by law.").

[17] *Id.* art. IV, § 22.

[18] *See Agey v. Am. Liberty Pipe Line Co.*, 172 S.W.2d 972, 974 (Tex. 1943) (discussing without deciding whether the Legislature constitutionally may permit suits to be filed on behalf of the State without joinder of the attorney general or a county or district attorney and, if permissible, whether the Legislature must speak directly to that effect).

[19] *Tex. Boll Weevil Eradication Found., Inc. v. Lewellen,* 952 S.W.2d 454, 469 (Tex. 1997).

[20] Tex. Bus. Orgs. Code § 20.002(c)(1), (3).

[21] *Ante* at 17–18.

7

harmonize the two provisions to provide commensurate, not *greater* relief to religious organizations.

The Court observes that nonmember nonprofits operate "to benefit the public."[22] This purpose, it recognizes, is incongruent with recognizing the Conference as a contracting party who could require SMU to act for its private benefit in a nonprofit charter.[23] I agree. Recognizing religious organizations as third-party beneficiaries to a corporate charter similarly could require conduct incongruent with the public purpose of nonprofits. Private contract claims do not align with the "general beneficence" of the nonprofit or of the State.[24] If the benevolent intent of SMU alone confers third-party beneficiary status, "every Texan could challenge or seek to enforce any government contract and the presumption against third-party-beneficiary agreements would disappear."[25]

The Conference differs from the general public in that it holds governance rights found within SMU's articles. This difference is properly recognized via Section 22.207 and the Conference's right to pursue declaratory relief to enforce its rights. The law does not further permit the Conference to claim damages as a third-party beneficiary, a remedy we have declined to extend to the very public that nonmember

---

[22] *Id.* at 22.

[23] *Id.*

[24] *S. Tex. Water Auth. v. Lomas*, 223 S.W.3d 304, 307 (Tex. 2007).

[25] *Id.*

nonprofits exist to serve.[26] To hold otherwise, as the Court does, places nonmembers in a position to steer a nonprofit's charter for its own benefit and potentially at the public's expense.

The Court's holding will surprise the parties. Neither briefed the third-party beneficiary issue in this Court and mentioned it only in the most cursory manner before the court of appeals. Generally, this Court declines to consider arguments the parties could have but chose not to make.[27] We should be especially hesitant to unilaterally resurrect arguments breaking new legal ground.

*       *       *

The Conference possesses statutory authority to contest SMU's unilateral decision to remove the Conference's governance rights from SMU's charter. We should limit the relief available to that necessary to settle the insecurity of these rights. As the Court additionally permits the Conference to pursue private contract damages as a third-party beneficiary to the State's charter authorization, I respectfully dissent

---

[26] *See id.* (declining to confer third-party beneficiary status upon residents of a city to a contract between the city and a state water supplier even though the supplier's creation was "intended generally to benefit the people of this state").

[27] *See City of Austin v. Quinlan*, 669 S.W.3d 813, 819 n.3 (Tex. 2023) ("[We] address only the arguments raised by the parties."); *Tex. Dep't of Aging & Disability Servs. v. Cannon*, 453 S.W.3d 411, 419 (Tex. 2015) ("Nor do we address or resolve the potential constitutional concerns, which were not raised by the parties and were discussed only briefly at oral argument, that may arise when state law poses a barrier to federal claims."); *Nabors Well Servs., Ltd. v. Romero*, 456 S.W.3d 553, 566 (Tex. 2015) (declining to consider issues that "were not considered by the court of appeals and were not fully briefed to this Court").

from Part IV.B of the Court's opinion and the portion of its judgment remanding the Conference's breach of contract claim to the trial court.

_____
Jane N. Bland
Justice

**OPINION FILED:** June 27, 2025