## C. F. WINDER v. JOHN K. WILLIAMS AND OTHERS.

A petition for a mandamus to a surveyor, to survey land claimed to have been appropriated by the location of a certificate, which does not aver that plaintiff has title to the certificate, is insufficient.

To entitle a party to a mandamus, his entry must designate the land with sufficient certainty, to apprize the surveyor what particular land he is required to survey.

He must also show, that there is no impediment to prevent the survey, as demanded.

The surveyor is not required to correct the mistakes, or construe the ambiguous or contradictory calls of an entry.

If the entry conflict with surveys claimed by other persons, they must be made parties, and the conflicting rights settled, before a mandamus will be granted.

If the petition be not sufficient to maintain an action for the land, against the adverse claimants, but they are merely made defendants, as n ecessary parties to the proceeding against the surveyor, a demurrer will be sustained, if the plaintiff be not entitled to have the land surveyed.

APPEAL from Panola. Tried below before the Hon. Charles A. Frazer.

This was a suit by the appellant against the appellees, John K. Williams, T. A. Patillo, Mitchell Smith, Jesse Snider, and A. B. Speir, for a mandamus, to compel the said Williams, as surveyor of Panola county, to survey for him, certain land which he alleged he was entitled to, by virtue of a file made for him by his agent, on the 13th March, 1844, of the head-right certificate of Mary Fury, for 1280 acres of land, and of G. W. Morris, for 320 acres of land.

These certificates were alleged to be valid and genuine; but

39

there was no averment of title in the plaintiff, to either of them. The land was alleged to be vacant and unappropriated, at the time of the plaintiff's file; but there was no description or designation of the land upon which the certificates were charged to have been filed, or any identification thereof, beyond an averment, that the plaintiff's file thereon had been received by the surveyor, &c., and was then in the office of the surveyor of Panola county. By subsequent amendments, however, the defect as to allegation of title to the certificates was supplied; and it was further stated, that the certificates had been registered and approved by the commissioners of claims.

The said file was also made, by an amendment, a part of the petition, and was as follows, to wit: "David Bunn files for location, the following certificates; one in the name of Christopher F. Winder, No. 210, and his own head-right certificate, commencing at the south-west corner of a survey made for D. Farris, thence to run west with said Farris's south boundary line for quantity; one other certificate, the head-right of Mary Fury, for 1280 acres, commencing at the same place, and running east for quantity, south and west; one other certificate, the head-right of G. W. Morris, for 320 acres, to be surveyed east of the last file of Mary Fury's head-right."

This file, as it was shown by a further amendment, was corrected, by adding then thereto, on the 20th November, 1847:

"The above beginning of C. F. Winder's entry should be southeast, as will be seen by the correction this 21st day of November, 1847.

his<br>"C. F. × WINDER."<br>mark.

"Test, DAVID HILL."

During the pendency of the suit, the plaintiff caused a survey to be made on his certificates, and then again amended his petition, by making the field-notes of the survey a part thereof; and alleged that it could not be made in a square, or in any other manner, than that in which it had been made, on account

of other surveys made prior to his location. The surveyor also certified, that he had not made this survey in accordance with the plaintiff's file and that this could not be done; but that he had made it in pursuance with the directions and instructions given by the plaintiff at the time the survey was made.

The defendants excepted to the sufficiency of the petition, and filed answers to the merits. Their exceptions were sustained, and the plaintiff declining to amend, the petition was dismissed.

*Donley & Anderson,* for the appellant.

*W. P. Hill,* for the appellees.

WHEELER, C. J.—The original petition was, manifestly, insufficient. It showed no title or right in the plaintiff to sue. It did not aver ownership of the certificates in the plaintiff; nor did it give any description or designation of the plaintiff's entries, or show in what locality the land is situated. The entry should have sufficient certainty to apprize the surveyor what particular land he is required to survey. And to entitle the plaintiff to a mandamus against the surveyor, it devolved on him to show that he had made such an entry, and that there was no impediment to the making of the survey. This his petition failed to show.

Nor was his petition, as amended, sufficient. The entry, as amended, gave no specific directions as to the form of making the survey. The land could not be surveyed in a square, as the law, in the absence of instructions, would have directed the surveyor, without conflicting with other surveys. The entry or location, as indicated by the party, whatever construction be placed upon it, could not be pursued in making the survey; nor could the land be surveyed in a square, and include the land which the plaintiff claims, as shown by the survey made under his directions. It cannot be pretended, that the entry embodied an instruction to the surveyor, to survey for the plaintiff, the land

embraced by this survey; and the complaint is, that this was not done. The entry ought so certainly to designate the land to be appropriated by the survey, that the surveyor shall have no excuse, and will be in default by failing to survey. He cannot be required to correct the mistakes, or construe the ambiguous or contradictory calls of an entry. This may require legal knowledge, which he does not possess. To authorize the awarding of a mandamus against the surveyor, in such a case, it must appear that his duty was clear and unmistakable. It does not so appear in the present case. The survey, moreover, as made, shows a conflict with other persons, not before the court. These persons must have been made parties, and the conflicting rights settled, before the plaintiff would be entitled to a mandamus against the surveyor. But the plaintiff was not entitled to a mandamus, by reason of the uncertainty of his entry.

The petition was not framed, with the view of maintaining an action against the other defendants, otherwise than as necessary parties to the proceeding against the surveyor; nor is it insisted, that it is sufficient to maintain the action as against them only. The plaintiff, having failed to maintain his right to have the land surveyed, as claimed by him, there was no error in sustaining the demurrer, and the judgment is affirmed.

Judgment affirmed.