**CRITCHFIELD et al. v. WATSON, District Judge. (No. 6950.)**

(Court of Civil Appeals of Texas. Austin. June 17, 1925. Rehearing Denied July 6, 1925.)

**1. Mandamus ⚯151(1) — To compel district judge to dismiss election contest will be denied, where contestant is not made a party.**

Mandamus seeking to compel district judge to dismiss contest of election for school trustees pending before him and from opening ballot boxes in such election will be denied, where contestant is not made a party to proceeding.

**2. Courts ⚯207(4)—Supreme Court has original jurisdiction in contest of election of school officers.**

Supreme Court has original jurisdiction to award writ of mandamus in contest for election of school trustees.

Original application for writ of mandamus by C. D. Critchfield and another against Hon. John Watson, District Judge. Writ denied.

W. A. Morrison, of Cameron, for relators.

John Watson, Henderson, Kidd & Henderson, and Chambers, Wallace & Gillis, all of Cameron, for respondent.

McCLENDON, C. J. This is an original application for a writ of mandamus brought in this court by C. D. Critchfield and B. W. Key, who are two of the contestees in an election contest for school trustees of Gause independent school district in Milam county against Hon. John Watson, judge of the district court of Milam county, in which the relators seek to compel respondent to dismiss the election contest pending before him, and to refrain from proceeding therewith, and from opening the ballot boxes and exposing to view the ballots cast in said election. The grounds upon which the mandamus is sought are the same as asserted by appellants in the case of Fowler et al. v. Thomas (Tex. Civ. App.) 275 S. W. 253, this day decided; namely, first, that the district court is without jurisdiction to try an election contest for school trustees in a county school district; and, second, because the questions in the case have become moot by reason of the resignation of one of the contestees and the election to the office for the entire unexpired term by the remaining trustees of the contestant.

[1] The only party respondent named in the petition for mandamus is the district judge. The contestant in the election contest pending before the district judge, which is sought to be dismissed, and the proceedings in which are sought to be restrained, is vitally interested in the application for mandamus, and, in our opinion, should be made a party to the proceeding. The failure to make her a party is, in our opinion, fatal to the petition for mandamus. Cullem v. Latimer, 4

Tex. 329; Winder v. Williams, 23 Tex. 601; Chappell v. Rogan, 94 Tex. 492, 62 S. W. 539.

We think it unnecessary to enter an order of dismissal or require the making of further parties to the proceeding, for the reason that under the views expressed in the Fowler Case the application should be denied upon its merits.

[2] Respondent urges want of original jurisdiction in this court to award a writ of mandamus in a case of this character. Under the recent decision of Yett v. Cook, 268 S. W. 715, it is clear that the Supreme Court has such jurisdiction. Whether the same jurisdiction attaches to the Court of Civil Appeals is a question which we find it unnecessary to decide.

The orders heretofore entered granting a stay of the proceedings in the district court pending a hearing of the application for mandamus is set aside and annulled, and the prayer of the petition for mandamus is denied.

Orders heretofore entered annulled, and application for mandamus denied.