Sherman McBEATH, Administrator,
Relator,

v.

Honorable Charles D. MATHEWS,
Judge, et al., Respondents.

No. B-7828.

Supreme Court of Texas.

Oct. 11, 1978.

John L. Hill, Atty. Gen., Joe B. Dibrell, Jr. and Max P. Flusche, Jr., Asst. Attys. Gen., McGinnis, Lochridge & Kilgore, B. D. St. Clair, Austin, Whitten, Sprain, Price, Wagner & Edwards, C. G. Whitten, Bradbury, Tippen & Choate, Thomas W. Choate, Abilene, Fillmore & Camp, Roy B. Johnson and Patrick H. O'Neill, Fort Worth, for relator.

Ray & Wood, Randall Wood, Clark, Thomas, Winters & Shapiro, Donald Scott Thomas and Mary Joe Carroll, Austin, for respondents.

CHADICK, Justice.

A local option election authorized by Texas Alcoholic Beverage Code, Sec. 251.01 et seq., was held in Justice Precinct 1, Taylor County, Texas, on June 17, 1978. The Commissioners Court of Taylor County canvassed the election returns and entered on its minutes two separate and conflicting orders declaring the results of the election. The first order, dated July 10, 1978, declared that the proposition to legalize the sale of alcoholic beverages in the precinct was not approved by a majority of the voters in the precinct. The second order, dated July 20, 1978, declared that the proposition to legalize the sale of alcoholic beverages was approved by a majority of the voters. Two election contest proceedings have been filed and are now pending in a district court of Taylor County challenging the results declared by each of these Commissioners Court orders.

The record does not show the date of filing, but prior to August 14, 1978, a suit[1] for declaratory judgment and injunctive relief, Cause No. 278,046, styled Irby Fox v. Texas Alcoholic Beverage Commission, Sherman McBeath, Administrator, was instituted in a district court of Travis County. Plaintiff Fox was joined by several intervenor-plaintiffs, and Texas Alcoholic Beverage Commission and its Administrator were also joined by several intervenor-defendants. A temporary restraining order was granted, and judgment was rendered on August 22, 1978. The relief granted by the judgment was in these terms:

"That the Order of the Commissioners' Court of Taylor County, Texas, made on July 10, 1978, as the result of a canvass of the votes cast in a local option election held in Justice Precinct 1, Taylor County, Texas, on June 17, 1978, was under the terms of Section 251.52 of the Texas Alcoholic Beverage Code prima facie evidence that all provisions of law had been complied with in giving notice of and holding the election, counting and returning the votes, and declaring the results of the election.

"That the July 10 Order of the Commissioners' Court could be attacked only by an election contest authorized and controlled by Section 251.55 of the Alcoholic Beverage Code.

"That the judgment of the 42nd District of Taylor County, Texas, in Cause No. 35,885–A, James P. Dunigan, et al. v. Roy Skaggs, County Judge, et al., was a mandamus action and not an election contest and was therefore totally void as a matter of law.

"That the second canvass of votes of the June 17, 1978 local option election held in Justice Precinct 1, Taylor County, Texas made by the Commissioners' Court on July 20, 1978, in response to the judgment entered in Cause No. 35,885–A, noted above, was beyond the authority of the Commissioners' Court and was, therefore, void as a matter of law.

"All relief not herein specifically granted is hereby denied."

Texas Alcoholic Beverage Commission and Sherman McBeath, Administrator, applied for and were granted leave by this Court to file an application for a writ of mandamus directing the Travis County district court to set aside and vacate the judgment quoted above in Cause No. 278,046.

The initial question presented is whether a district court of Travis County has jurisdiction to declare the validity *vel non* of orders of the Commissioners Court of Taylor County canvassing and declaring the results of the local option election held June 17, 1978 in Justice Precinct 1, Taylor County.

The respondents as plaintiffs in Cause No. 278,046 pleaded that the Taylor County Commissioners Court's canvass of the local option election returns and declaration of the election result, as shown by such court's order of July 10, 1978, was a valid determination by the Commissioners Court that the legal sale of alcoholic beverages in the precinct was not approved by a majority of the voters in the election held June 17, 1978. They also pleaded that: "This is a suit for declaratory judgment and injunctive relief and involves the validity of the Order of the Taylor County Commissioners Court dated the 20th day of July, 1978, a copy noted as Exhibit 'A' is attached, purporting to declare the result of a local option election held June 17, 1978 in and for the residents of Justice Precinct 1, Taylor County, Texas. Specifically, plaintiff seeks declaratory judgment as authorized by Article 2524–1, V.A.T.S. to the effect that the above cited Order of the Commissioners Court is invalid."

The statute providing for local option elections, Texas Alcoholic Beverage Code, Section 251.55(c) says in part that:

The district court of the county in which the election is held has original and exclusive jurisdiction of all suits to contest the election. The district court has jurisdic-

---

1. This suit is the subject of this controversy and to avoid lengthy, repetitive descriptions of it, hereafter, it will be referred to simply as Cause No. 278,046.

tion to try and determine all matters connected with the election.

The statute confers original and exclusive jurisdiction on the district court of Taylor County for trial of any controversy governed by the statute arising out of the local option election on June 17, 1978 in Precinct 1, Taylor County. A suit is an election contest when the validity of a local option election, or the correct ascertainment of the result thereof, is its subject matter. *See Clary v. Hurst*, 104 Tex. 423, 138 S.W. 566 (1911); *Dickson v. Strickland*, 114 Tex. 176, 265 S.W. 1012 (1924); *Ellis v. Vanderslice*, 486 S.W.2d 155 (Tex.Civ.App.—Dallas 1972, no writ); *Garza v. City of Robstown*, 483 S.W.2d 32 (Tex.Civ.App.—Corpus Christi 1972, no writ). The statute conferred no jurisdiction of the subject matter pleaded in Cause No. 278,046 upon the district court of Travis County and that court was without authority to entertain the suit or render judgment therein. It follows that the judgment in Cause No. 278,046 is void. *Freeman v. Freeman*, 160 Tex. 148, 327 S.W.2d 428 (1959); *Cline v. Niblo*, 117 Tex. 474, 8 S.W.2d 633 (1928).

■ We are satisfied that the Texas Alcoholic Beverage Commission does not have another plain, adequate or effective remedy commensurate with the urgent need to operate in an orderly and consistent manner and that it cannot obtain appropriate redress through other remedial process. The writ of mandamus is granted, and we have been notified that the trial court has complied therewith.