**Mrs. Dave DURHAM et al., Appellants,**

v.

**Lester CRUTCHFIELD et al., Appellees.**

**No. 8627.**

Court of Civil Appeals of Texas, Texarkana.

Feb. 6, 1979.

Rehearing Denied March 20, 1979.

440

D. Brad Hutchison, Fisher, McLaughlin & Harrison, Paris, for appellants.

John H. Cochran, Dallas, for appellees.

RAY, Justice.

This is a case questioning the validity of the incorporation of the town of Sun Valley. The appeal is from an order sustaining a plea in abatement resulting in the dismissal of appellants' suit. Mrs. Dave E. Durham and twenty-six other people, appellants (plaintiffs), brought suit against Les-

ter Crutchfield, County Judge; the Commissioner's Court of Lamar County; the elected officials of the town of Sun Valley and others, appellees (defendants), attacking the organization and existence of the municipal corporation of Sun Valley. The county attorney of Lamar County, on relation of numerous citizens of Lamar County, intervened by filing a quo warranto petition for the State of Texas, Subsequently, the State was allowed to withdraw its quo warranty intervention. The trial court then sustained appellees' plea in abatement because the State of Texas is an indispensable party to a suit attacking the validity of the incorporation of a municipality and thus the court was without jurisdiction to determine the validity question. Appellants have perfected their appeal and submit four points of error for our consideration.

Appellants assert that the trial court erred in finding that the State of Texas was a necessary party because (1) properties owned by individual plaintiffs were included in the description of the municipal corporation; (2) several appellants owned property adjacent to the municipal corporation and were therefore injured by the incorporation; (3) the individual appellants had done everything they could to cause the State to be a party to the action; and (4) the appellees' compliance with the incorporation statutes (Tex.Rev.Civ.Stat.Ann. art. 1133, et seq) was so defective as to render the attempted incorporation void.

■ The law in Texas is clear that a quo warranto proceeding, instituted and conducted in the name of the State of Texas, is the only proper method of making a *direct attack* upon a *voidable* municipal corporation existing defacto or under color of law. Private parties, by themselves, lack standing to directly attack the existence and organization of a municipal corporation, and any such suit brought by private individuals alone will be dismissed for want of a necessary party, the State of Texas. Only the State of Texas can directly attack a voidable incorporation by a quo warranto proceeding. Tex.Rev.Civ.Stat.Ann. art. 6253; *Walling v. North Central Texas Mu-*

nicipal Water Authority, 162 Tex. 527, 348 S.W.2d 532 (1961); *Gifford v. State ex rel. Lilly,* 525 S.W.2d 250 (Tex.Civ.App.Waco 1975, no writ); *State ex rel. City of Colleyville v. City of Hurst,* 519 S.W.2d 698 (Tex. Civ.App.Fort Worth 1975, writ ref'd n. r. e.); *State ex rel. Candler v. Court of Civil Appeals,* 123 Tex. 549, 75 S.W.2d 253 (1934).

■ Private citizens may collaterally *or* directly attack a *void* incorporation in certain instances. The defects in the incorporation process which render the incorporation absolutely void are: that the act of incorporation itself was either prohibited or unauthorized by law, or that the purported incorporation was pursuant to an unconstitutional statute, or that the attempt to comply with the provisions of the law authorizing the creation of such municipality was so utterly lacking or defective as to render the attempt to create such corporation void.

■ Not only must the incorporation be void, and therefore subject to attack, but those bringing the suit must show that they have some interest which will be directly and injuriously affected by the incorporation. *Grisham v. Tate,* 35 S.W.2d 264 (Tex. Civ.App.Waco 1931, writ dism'd); *City of West Lake Hills v. State ex rel. City of Austin,* 466 S.W.2d 722 (Tex.1971).

In the present case, appellants have failed to prove that the incorporation was void and that they are injuriously affected directly by having to suffer a burden peculiar to themselves as distinguished from the public generally.

Appellants' only assertion on appeal that the incorporation is void is contained in their fourth point of error, which is as follows:

"The trial court erred in holding that the County Attorney or State was a necessary party in a contest of the validity of the incorporation of a municipality where the attempted compliance with the provisions of the incorporating statutes is so defective as to render the attempt to create the municipal corporation void."

Under appellants' fourth point of error it is asserted that the application for incorporation was not accompanied by a plat; that the metes and bounds description of the town does not close; that the area within the town is allegedly owned by one individual; and that the area involved did not exist as a town or village prior to the incorporation election.

No statement of facts or findings of facts and conclusions of law have been filed in this Court, and it must therefore be presumed that the trial court found every issue in favor of its judgment.

■ The failure to attach a plat of the town to the application for incorporation will not defeat incorporation. *State ex rel. Perrin v. Hoard,* 94 Tex. 527, 62 S.W. 1054 (1901). The failure of the field notes to close is only an irregularity and will not render the incorporation void. *Grisham v. Tate,* supra. The failure to include in the proposed city the property of the nearby inhabitants and whether the area was unsuited for development as a city are issues bearing on the municipality's voidability and not on the invalidity of its existence from the beginning. *City of Gladewater v. Pelphrey,* 309 S.W.2d 472 (Tex.Civ.App.Texarkana 1957, writ ref'd n. r. e.); *Rachford v. City of Port Neches,* 46 S.W.2d 1057 (Tex. Civ.App.Beaumont 1931, writ ref'd). Whether the town included two hundred or more residents as required by Art. 1133, Tex.Rev.Civ.Stat.Ann., was a matter upon which the county judge's decision is conclusive. In this case, since the county judge called the election, it must be presumed that he found two hundred or more residents within the area to be incorporated and found the area to be a town or village within the meaning of Art. 1133, supra. *State ex rel. Goodnight v. Goodwin,* 69 Tex. 55, 5 S.W. 678 (1887); *Perkins v. Ingalsbe,* 162 Tex. 456, 347 S.W.2d 926 (1961). Whether a town or village was in existence prior to incorporation is not a matter which renders the incorporation void, but only voidable. It is difficult to perceive all of the circumstances which might render an attempted incorporation void, but one example might be a situation in which neither

map *nor* field notes were included in the incorporation application or election process such that it could never be determined with any degree of certainty the boundaries of the municipality or who would be eligible to vote in the incorporation election. Such total lack of information concerning the boundaries of the town would in all probability render the attempted incorporation void as distinguished from voidable, because of the impossibility of determining the area to be included within the municipality. The record in this case indicates that substantial compliance was had in following the statutes incorporating the town of Sun Valley, and thus the incorporation was not void. *Ellis v. State,* 383 S.W.2d 635 (Tex.Civ.App. Dallas 1964, no writ).

Appellants' second amended original petition makes it clear by judicial admissions and it is presumed that the trial court found that Sun Valley is a defacto corporation created and existing under color of law because the city officers have been elected and hold office. The rule is that when an attack is made upon a defacto corporation created and existing under color of law and that body has acted by electing its officers after attempting to comply with the ·requirements of a valid statute authorizing its creation, only the state may question its corporate existence on the ground that the law was not followed. *Walling v. North Central Texas Municipal Water Authority,* supra.

In the present case we have concluded that the incorporation was not void and that the sole and exclusive remedy by which the legality of the existence and organization of Sun Valley may be questioned is by quo warranto proceedings. *City of El Paso v. Ruckman,* 92 Tex. 86, 46 S.W. 25 (1898). The refusal of the State of Texas to be a party plaintiff or intervenor entitled appellees to have the plea in abatement sustained and the case dismissed.

Appellants purport to own property within and adjacent to Sun Valley. This fact alone does not entitle them to bring suit as private citizens to declare the incorporation void. *Grisham v. Tate,* supra.

An allegation that the value of appellants' property will decrease in value is not sufficient to give appellants standing to sue. *City of West Lake Hills v. State ex rel. City of Austin,* supra. Appellants have not persuaded this Court that they have standing to bring suit to question the incorporation of Sun Valley. Appellants assert that although the State is no longer a party, they should not be denied relief, because they have done everything within their power to compel the county attorney to bring or maintain a quo warranto proceeding. Art. 6253, Tex.Rev.Civ.Stat.Ann., grants the attorney general, district attorney or county attorney discretion to file a quo warranto suit, but private citizens cannot compel the State to become a party to their suit or to file a quo warranto proceeding in their behalf. *Marshall v. City of Lubbock,* 520 S.W.2d 553 (Tex.Civ.App.Amarillo 1975, no writ); *Bute v. League City,* 390 S.W.2d 811 (Tex.Civ.App.Houston 1965, no writ).

We have examined the record presented to us and find no error committed by the trial court. Appellants' points of error are overruled. The judgment of the trial court is affirmed.