Barry J. PEEK et al., Appellants,

v.

Richard C. HARVEY et al., Appellees.

No. 8785.

Court of Civil Appeals of Texas, Texarkana.

May 13, 1980.

Rehearing Denied June 10, 1980.

J. Don Gordon, of Munson, Munson, Hull, Hynds & Wilkes, P. C., Sherman, for appellants.

Pat C. Beadle, Clarksville, for appellees.

RAY, Justice.

This is an appeal from a final judgment declaring a local option election void and ordering that a new election be held.

Appellees (contestants), Richard C. Harvey, Claude Martin and R. T. Geary, filed an election contest attacking the validity of a local option election held on April 7, 1979, in Annona, Texas, pursuant to Texas Alcoholic Beverage Code § 251.01, et seq. The Commissioner's Court of Red River County, statutory contestee, filed its reply to the election contest. Appellants (intervenors), Barry J. Peek and Bobby L. Brem, filed their intervention in the election contest asserting a significant financial interest in the outcome of the disputed election. The intervenors filed a plea in abatement seeking to have the cause dismissed on the basis that the action was a collateral attack on an earlier annexation of East Annona by the city council of Annona and that such action was therefore subject to challenge only in a quo warranto proceeding. Alternatively, the appellants contended that if the annexation by the city council was void, as distin-

guished from voidable, then the contestants had failed to demonstrate that they had the required standing to challenge such a void annexation.

The trial court denied intervenors' plea in abatement, denied their motion for disqualification of Pat C. Beadle and Pat F. Beadle and proceeded to trial without a jury. The court thereafter entered its judgment that the election was void and ordered a new election to be held. Findings of fact and conclusions of law were filed which essentially found that the Commissioner's Court of Red River County canvassed the votes and determined that 110 votes were cast in favor of legalizing the sale of all alcoholic beverages for off premises consumption and that 106 persons voted against such proposal; that 19 of the total votes cast were illegal votes because those 19 voters were not residents of the City of Annona; and, that by reason of the fact there was only a 4 vote margin in the election results, the 19 illegal votes constituted such an irregularity in the holding of the election that the true result of the election was impossible to determine.

The appellants have not challenged the findings of the trial court that 19 votes were cast by non-residents of the City of Annona and that such votes were illegal. Neither have appellants complained of the court's finding that since the voting margin was a 4 vote difference, that such 19 illegal votes constituted an irregularity which made it impossible to determine the true result of the election, or at least a very doubtful determination.

It is a well established rule in Texas that material findings of fact not challenged on appeal are binding on the parties and must be accepted by the Court of Civil Appeals. *Bilek v. Tupa*, 549 S.W.2d 217 (Tex.Civ.App. Corpus Christi 1977, writ ref'd n. r. e.); *Bandas Industries, Inc. v. Employers Fire Ins. Co.*, 585 S.W.2d 344 (Tex.Civ.App. Austin 1979, no writ).

The Texas Supreme Court in *McBeath v. Mathews*, 572 S.W.2d 670 (Tex. 1978), held that:

". . . A suit is an election contest when the validity of a local option election, or the correct ascertainment of the result thereof, is its subject matter. . ."

The instant case falls within the definition of an election contest as outlined by the decision in *McBeath v. Mathews*, supra.

The trial court correctly followed § 251.55 of the Texas Alcoholic Beverage Code because the election contest was filed within thirty days after the result of the election was declared by the commissioner's court and the evidence substantiated the court's finding that such irregularities existed in holding the election that the true result of the election was impossible to determine or that the result was so doubtful as to make the election void and thus ordered a new election to be held.

The significant dispute in this case can be narrowed to whether this was purely an election contest, or whether the action was one collaterally attacking a voidable annexation or a proceeding to show that the annexation was void. We have concluded that the proceeding before the trial court was purely an election contest. The evidence adduced before the trial court established that 19 voters were not residents of the City of Annona. This was shown by the witness, Royce Hammett, a registered public surveyor who had been employed by the City of Annona to survey the city limits. Mr. Hammett indicated and labeled on the plat the eastern boundary line of the City of Annona as determined by his survey. He further indicated and labeled on the plat the location of certain residences which he testified were outside the eastern boundary line as delineated on the plat. The testimony of subsequent witnesses established that the alleged 19 illegal votes were cast by persons who resided in the homes which had been identified by the surveyor as being outside the eastern boundary line of the City of Annona. The substance of the testimony of the mayor of Annona was to the effect that Mr. Hammett's survey was the only survey made of the city limits and that the field notes and the plat were recognized

as the city limits. At that stage of the proceeding, the burden of going forward with the evidence shifted to the intervenors-appellants to establish a valid annexation of the territory in which the 19 contested voters lived and that the city council had made such territory a part of the city by ordinance in accordance with Article 974, Tex.Rev.Civ.Stat.Ann. The intervenors failed to establish that the 19 contested voters lived within the city limits of the City of Annona because they did not establish that the boundaries of the city included the area in which the 19 voters lived. The trial court was thus justified in concluding that "of the total votes cast there were 19 votes cast by persons who were not residents of the city of Annona, Red River County, Texas."

Had the intervenors established that the City of Annona had annexed the territory in which the 19 voters lived in compliance with Article 974 or had made a full attempt to comply with the requisites of the statute, then intervenors' plea in abatement may have had some merit. The instant case does not present the same situation as outlined in *Durham v. Crutchfield*, 578 S.W.2d 438 (Tex.Civ.App. Texarkana 1979, writ ref'd n. r. e.). There this Court dealt with the problem of the validity of a town's incorporation. The trial court had sustained the city officials' plea in abatement stating that the state was a necessary party to the proceedings and that since the state had not been made a party, the trial could not proceed. We stated that:

> "The law in Texas is clear that a quo warranto proceeding, instituted and conducted in the name of the State of Texas, is the only proper method of making a *direct attack* upon a *voidable* municipal corporation existing defacto or under color of law. Private parties, by themselves, lack standing to directly attack the existence and organization of a municipal corporation, and any such suit brought by private individuals alone will be dismissed for want of a necessary party, the State of Texas. . . ."

We further stated that private citizens may collaterally or directly attack a void incorporation when the defects in the incorporation process render the incorporation absolutely void, provided those bringing the suit can show that they have some interests which will be directly and injuriously affected by the incorporation. One of the defects which will render an incorporation absolutely void is "that the attempt to comply with the provisions of the law authorizing the creation of such municipality was so utterly lacking or defective as to render the attempt to create such corporation void." *Durham v. Crutchfield*, supra.

In the instant case, there was no showing by the appellants that the city had attempted to comply with the provisions of Article 974. However, we reiterate that this case was simply an election contest and not one to declare an attempted annexation void. The appellants did not go forward with their burden of proof to show that the 19 contested voters lived within the city limits.

◼ Appellants' third point of error seeks to have this case reversed on the basis that a conflict of interest existed as a matter of law between Pat C. Beadle, attorney for contestants, and Pat F. Beadle, County Attorney of Red River County. Pat C. Beadle and Pat F. Beadle are father and son, respectively, and are partners in the private practice of law. Pat F. Beadle filed the statutory contestees' reply and took no further part in the proceedings. There was no suggestion made and no evidence adduced at the trial to indicate any wrongdoing on the part of either Pat C. Beadle or Pat F. Beadle or that any injury occurred as a result of the filing of the statutory contestees' reply by Pat F. Beadle.

While we feel that it would have been proper for the trial court to have disqualified both attorneys from participating in the case, we do not feel that the trial court has committed reversible error in failing to disqualify both attorneys in the absence of a showing of harm or prejudice to the rights of the intervenors. The error, if any, was harmless.

The judgment of the trial court is affirmed.