Robert L. PORTH, Relator,

v.

Bob CURRIE, Chairman of the Board of Directors of Houston County Hospital Authority, Respondent.

No. 1483.

Court of Civil Appeals of Texas, Tyler.

March 5, 1981.

William R. Pemberton, Sallas, Meriwether & Pemberton, Crockett, for relator.

W. D. Julian, Jr., Crockett, Terry M. Thorn, Parsons, Thorn & Wells, Palestine, Donald J. Gordon, Carter, Gordon & von Doenhoff, Crockett, for respondent.

ORIGINAL PROCEEDING

SUMMERS, Chief Justice.

This is an original proceeding instituted in this court by relator Robert L. Porth seeking the issuance of a writ of mandamus against respondent Bob Currie, Chairman of the Board of Directors of Houston County Hospital Authority, pursuant to Tex.Rev. Civ.Stat.Ann. art. 1823.

This action arises out of a declaratory judgment suit originally filed by Porth against Herbert L. Morgan, County Judge, and the Commissioners' Court of Houston County in the Third Judicial District Court of said county seeking to determine whether the governing body of Houston County can increase the size of the board of directors of the hospital authority solely by its own order and whether said governing body can, solely by its own action, appoint a majority of said board members. Currie and other directors intervened as parties defendant and, as counter-plaintiffs, filed a counterclaim against Porth claiming that

his election to the board violated the Open Meetings Act. They also sought a declaratory judgment as to the status, classes and terms of the directorships of the hospital board.

The trial court on August 6, 1980, rendered a declaratory judgment which provided, *inter alia*, that:

(1) The governing body of Houston County can increase the size of the board of directors of the hospital authority from seven to eleven members solely by its own order.

(2) The governing body of said county can, solely by its own action, appoint a majority of the members of said board. Four members of the board are to be appointed by the board with the remaining members to be appointed by the commissioners' court, regardless of the number of directors.

(3) J. B. Sallas is a Class 1 director; the position occupied by Porth is a Class 2 membership; and Adrian A. Davis is a Class 2 member.

(4) The other Class 1 membership has expired and is vacant, so the board could determine which one of themselves would fill that position.

(5) The term of office for Class 1 members expires on October 26, 1980.

(6) The term of office for Class 2 members expires on October 16, 1981.

(7) The office of director of the board held by Porth was declared to be vacant as of July 11, 1980, and he was removed as a director effective as of July 11, 1980.

(8) All other relief not expressly granted herein is denied.

Relator Porth and other appellants perfected an appeal of the declaratory judgment to this court under Cause No. 1462. In connection with the appeal, relator and other appellants have filed a supersedeas bond to suspend execution of the declaratory judgment pending determination of the appeal.

Relator has alleged that certain actions of the respondent have been in violation of the supersedeas bond, thereby jeopardizing the jurisdiction of this court, all of which is denied by respondent. Relator argues that the effect of the bond included Porth's retaining the rights to his offices as a member and vice-chairman of the Board of Directors of the Houston County Hospital Authority and privileges appurtenant thereto. Relator contends that, despite repeated warnings, respondent Currie has refused to accept and recognize the effect of the supersedeas bond. He further alleges that respondent has refused to notify him of meetings of the board of directors, to recognize him at meetings of the board, to accept his vote at meetings of the board and to recognize in any manner that he is a member and vice-chairman of the board of directors of the hospital authority.

Respondent Currie denies that his acts are in violation of the supersedeas bond. He responds to Porth's assertion that he refused to notify him of meetings by stating that he has never given any notice to any members and by pointing out that relator has in fact been present at board meetings. He further asserts that he acted in good faith and in reliance upon the trial court's mandate in removing relator from the board and admits that initially, after the bond was filed, he refused to recognize relator and honor his vote. He now contends, however, in his sworn answer and reply to relator's petition for mandamus, and in oral argument before this court, that he has conceded the right of relator Porth under the supersedeas bond to serve and be recognized as a member of the board of directors pending appeal of the declaratory judgment action. He notes that Porth was present, participated, and his vote was counted at meetings of the board of directors held on September 29, 1980, and on November 10, 1980. [It should be noted at this juncture that relator's motion for leave to file petition for writ of mandamus was not filed until December 30, 1980.] Currie states that the fact that he is not now and has not for some time been engaged in denying relator his right to sit on the board of directors pursuant to the supersedeas

bond is best reflected in a resolution passed by the board at its meeting on January 12, 1981. The pertinent portion of that resolution, a certified copy of which is attached as an exhibit to respondent's answer, reads as follows:

> . . . that the other Class 2 directorship is being filled by Mr. Porth under his Supersedeas Bond pending the conclusion of the appellate procedure now pending in the Twelfth Court of Civil Appeals at Tyler, Cause No. 1462, styled *"Robert L. Porth et al vs. Herbert L. Morgan et al"* in Houston County, Texas; that the Board feels this action reflects an orderly progression and defines the status of the Board so that an orderly attendance to the affairs of the Hospital Authority may go forward, regardless of how the appeal turns out, and that said action is not in conflict with the Judgment of the District Court nor such as to violate the Supersedeas Bond or the jurisdiction of the Court of Civil Appeals.

Respondent further contends that this court's jurisdiction is in no way being jeopardized by the action of respondent toward relator; that even though there is a difference of opinion as to the ultimate status of relator on the Board of Directors of the Houston County Hospital Authority, there is a co-existence of all parties' rights and privileges which will continue pending the outcome of the appeal of the declaratory judgment action.

■ The supersedeas bond effectively suspends the declaratory judgment pending the appeal of that judgment. Respondent Currie has conceded that Porth is entitled under the supersedeas bond to sit on and participate as a member of the board of directors pending such appeal. A writ of mandamus will not lie to compel the performance of an act which the respondent shows a willingness to perform without coercion. *Lane v. Ross*, 151 Tex. 268, 249 S.W.2d 591, 593 (1952); *Ferguson v. Huggins*, 122 Tex. 95, 52 S.W.2d 904, 906–07 (1932); *State ex rel. Candler v. Court of Civil Appeals, Fourth Supreme Judicial District*, 123 Tex. 549, 75 S.W.2d 253, 257 (1934); 55 C.J.S. *Mandamus* § 10b. (1948).

■ Respondent admits that he no longer recognizes relator Porth as vice-chairman of the board of directors because Porth was not re-elected to that position at the regular annual meeting of the board, held on December 16, 1980, for the purpose of electing new officers. The by-laws of the hospital authority provide that officers of the board of directors shall serve for a term of one year or until their successors are elected and qualified. Pursuant to the by-laws a meeting was held on December 16, 1980, at which time a new slate of officers, including Mrs. Charlotte Jones as vice-chairman of the board, was elected. Regardless of relator Porth's status as a director, it appears that his term of office as vice-chairman of the board has expired. Since no provision was included in the declaratory judgment regarding the position of relator Porth as vice-chairman of the board, we consider that such office is outside the scope of the declaratory judgment as well as the supersedeas bond.

■ Furthermore, for mandamus to lie, relator must have a clear and certain legal right to the remedy or relief sought by the writ. It will not issue when it is necessary to try or decide conflicting claims or collateral questions which require a legal controversy for their settlement. 55 C.J.S. *Mandamus* §§ 53, 58 and 59. In *Callaghan v. McGown*, 90 S.W. 319, 324 (Tex.Civ.App. 1905, writ ref'd), the court, speaking of mandamus, stated:

> "It will be refused to prevent one claiming to be elected from exercising his office or to enjoin him from qualifying. When officers request mandamus to prevent others from molesting them in the exercise of the functions and powers of their offices, the court refuses the writ, stating that, if the writ were issued in the case, it would become merely a substitute for an injunction. Such substitution will not be allowed." Merrill on Mandamus, § 43. "The writ [mandamus] will not lie unless the act desired is of absolute obligation on the part of the person sought to be coerced. The relator must

**538**

show, not only a clear legal right to have the thing done, but also by the person sought to be coerced, in the manner sought, and that he still has it in his power to perform the duty required. The action sought must not only be in the respondent's power to do, but it must be his duty to do it. The act must be clearly prescribed and enjoined by law. The duty must be plain and positive...." Merrill on Mandamus, § 57.

Relator also seeks to have the court mandamus respondent to recognize the membership of Glen Welch and Earl Powers on the board of directors of the hospital authority. This request is without merit. No mention was made of Mr. Welch or Mr. Powers in the declaratory judgment. The record reveals that they were never a part of that lawsuit and therefore never under the umbrella provided by the supersedeas bond filed herein.

Furthermore, Mr. Welch and Mr. Powers are not parties to this petition for writ of mandamus. A suit for mandamus must be prosecuted by the real party in interest. One maintaining such a proceeding must show that he has a justiciable interest in the subject matter in litigation, either in his own right or in a representative capacity. 37 Tex.Jur.2d *Mandamus* § 87 (1962). A judgment in a mandamus proceeding cannot properly be rendered for one who is not a party to the proceedings. *Winder Bros. v. Sterling*, 118 Tex. 268, 12 S.W.2d 127, 129 (1929); *Templeton v. Weatherly et al.*, 62 S.W.2d 286, 287 (Tex. Civ.App.—Beaumont 1933, no writ); 55 C.J.S. *Mandamus* § 341.

Relator's petition for writ of mandamus is denied.