The STATE of Texas, Appellant,

v.

Tom RICKHOFF, et al., Appellees.

No. 04-82-00516-CV.

Court of Appeals of Texas,
San Antonio.

March 9, 1983.

. Pat Maloney, Law Offices of Pat Maloney, San Antonio, for appellant.

Richard Tinsman, Tinsman & Houser, Inc., San Antonio, for appellees.

Before CADENA, C.J., and BUTTS and REEVES, JJ.

OPINION

CADENA, Chief Justice.

This is an appeal from a *quo warranto* action challenging the qualifications of Tom Rickhoff to hold the office of judge of the 289th District Court of Bexar County. This action was instituted by the State of Texas by Bill M. White, former Criminal District Attorney, out of Bexar County, Texas. The trial court entered judgment for Rickhoff, finding that he is qualified to hold judicial office. This appeal was duly perfected. On January 20, 1983, the newly elected Criminal District Attorney, Sam D. Millsap, filed a motion to substitute as the official repre-

sentative of the State of Texas in place of the former District Attorney Bill White and to substitute his office as counsel to provide representation on behalf of the State instead of private counsel previously retained. This motion is granted. Appellant's motion to dismiss the appeal is also granted.

 In *quo warranto* proceedings in which the qualifications of a candidate to hold public office are challenged in the interest of the general public, the authority to institute and prosecute such action rests exclusively in the county or district attorney or the Attorney General. *Staples v. State ex rel. King.,* 112 Tex. 61, 245 S.W. 639 (1922); *State ex rel. Hancock et al. v. Ennis,* 195 S.W.2d 151 (Tex.Civ.App.—San Antonio 1946, writ ref'd n.r.e.); *State ex rel. Chandler v. Court of Civil Appeals,* 123 Tex. 549, 75 S.W.2d 253 (1934). In this case, the district attorney holding office is the proper state official to maintain suit and has full control of the proceeding both as to instituting it and conducting it. *Chandler, supra,* 75 S.W.2d at 256. The district attorney has the sole discretion to prosecute or to move to dismiss this action. *State ex rel. Hancock, et al. v. Ennis, supra;* Accord, *Robinson et al. v. El Sauz Independent School District,* 40 S.W.2d 934 (Tex. Civ.App.—San Antonio 1931, writ ref'd). As against such official the individual relator cannot prevent dismissal of the suit. The cases cited herein, as well as the pertinent statutory and constitutional provisions establish that District Attorney, Sam D. Millsap, Jr., is empowered to discontinue this action. *See State of Texas ex rel. Dishman v. Gary,* 163 Tex. 565, 359 S.W.2d 456 (Tex.1962).

Accordingly, this appeal is dismissed.

All other motions filed by the parties are moot and are dismissed.